## JOHNSON *et al. v.* WASHINGTON.

The petition in this case set forth a cause of action, and the court did not err in overruling the general demurrer thereto, nor in overruling demurrers to certain specified paragraphs of the petition.

           No. 2475. FEBRUARY 16, 1922.

Equitable petition. Before Judge R. C. Bell. Decatur superior court. February 11, 1921.

This was an equitable petition filed by John Washington against David Johnson individually, and I. A. Allen as administrator of the estate of J. W. Napier. It was alleged, that John Washington executed a note on October 16, 1909, as surety only, with David Johnson to R. H. Edwards, which note became due on October 1, 1910; that on April 14, 1917, J. W. Napier acquired title to said

mortgage note by transfer from Miss Julia F. Curry; that on May 1, 1917, Napier filed suit on the note and mortgage to the June term of the city court of Bainbridge, and at said term judgment was taken by default against John Washington and David Johnson for principal, interest, and attorney's fees; that execution issued for said several sums, which execution was paid by the petitioner, on July 10, 1917, to J. H. Cook, deputy sheriff of the county, and the execution was transferred to petitioner by Cook in the name of S. W. Martin, sheriff of the county; that under the strict rule of the common law and the Code of Georgia, having failed to show upon the trial that he was surety in truth and in fact, he is now unable to enforce his right of subrogation as against Allen without coming into a court of equity; that in 1917, after the rendition of the judgment, David Johnson transferred to J. W. Napier his one-half undivided interest in the land covered in the mortgage executed to secure the note that was sued to judgment; that there was no consideration given to David Johnson, and that the transaction was secretly and covertly done in an effort to deprive petitioner of his rights as a surety on said mortgage note as against the individual interest of the said David Johnson. By an amendment a copy of the deed from David Johnson to Napier was made a part of the petition, which showed that the deed was executed before the judgment was rendered. Petitioner alleges that by virtue of the fact that he was a surety and that the note and mortgage was not transferred until after due, his rights are superior to those of J. W. Napier in law and in equity, on account of an alleged fraudulent transfer from David Johnson to Napier. Petitioner next alleges that he procured a transfer of the execution to himself, in order to protect his individual interest in said land from levy and sale, and that he is entitled to subrogation of all the rights of Napier in the mortgage to the undivided interest of the said David Johnson; that he is without remedy at law to enforce his rights as against the one-half interest formerly owned and held by David Johnson and fraudulently and covertly transferred to Napier. Petitioner prays that he have a lien decreed in his favor against the land, and for general relief.

Demurrers to the petition, both general and special, were filed by the defendants, and upon the hearing were overruled by the court.

*T. S. Hawes,* for plaintiffs in error.   *W. V. Custer,* contra.

Beck, P. J. (After stating the foregoing facts.) We are of the opinion that the court did not err in overruling the general demurrer in this case, although there was no allegation that the defendant David Johnson, who was the codefendant with the petitioner in the execution, was insolvent. The right of the petitioner to enforce this execution does not arise from the fact that he was a surety, and, therefore, that he did not have that fact properly established and shown does not defeat him; for his right to enforce it arises under section 5971 of the Civil Code (1910), which provides that " When judgments have been obtained against several persons, and one or more of them has paid more than his just proportion of the same, he or they may, by having such payment entered on the fi. fa. issued to enforce said judgment, have full power to control and use said fi. fa. as securities in fi. fa. control the same against principals or cosureties, and shall not be compelled, as heretofore, to sue the codebtors for the excess of payment on such judgment." The allegations of the petition bring the plaintiff within the beneficial provisions of the section just quoted; except that after deducting certain payments which had already been paid, the plaintiff, the joint defendant in fi. fa., paid off the .fi. fa. against his joint debtor and himself. The amount that he paid was entered on the fi. fa. issued to enforce the judgment. The entry made by the sheriff was : " Georgia, Decatur County. For value received, principal, interest, attorney's fees, and costs, amounting to three hundred and seventy-one and 47/100 dollars, the within fi. fa. is hereby transferred to John Washington. This 10th July, 1917. S. W. Martin, Sheriff, by Cook, Deputy." While this receipt purports to transfer the fi. fa. for the payment of principal, interest, and attorney's fees, and costs, nevertheless that recital of the payment of the amount of $371.47 sufficiently complies with the provisions of section 5971 of the Civil Code in reference to having payments made by a joint debtor on the fi. fa., and put in operation that provision of our statute law in favor of the joint debtor, the petitioner in this case.

This being true, petitioner was the holder of a valid, subsisting execution against his tenant in common, and had a lien upon his cotenant's common interest in .the land to the extent of the pay-

ment made by him, the payment having been made to satisfy the lien of a third person upon the land jointly owned. And if the petitioner's cotenant and his joint debtor fraudulently conveyed the land to a third person who was the holder of the execution debt, there being no consideration for the conveyance, for the purpose of defeating the lien of petitioner, equitable proceedings will lie to enforce the rights of the debtor who had paid off the encumbrance against the holder of the encumbrance, who received the full amount of the debt due him from petitioner. "To secure contribution, equity gives to the purchasing tenant a lien upon the interests of the other cotenants. The redeeming tenant in common is, in order to secure contribution, substituted to the same lien that he has redeemed. Pursuant to this principle, one who redeems property from a tax sale, in which property he afterwards becomes a tenant in common, is entitled to have the lien kept alive as against his cotenant, until the latter shall have paid his share of the taxes. . . The general rule is that where one tenant in common, in order to protect his interest, pays a mortgage on the common property, he is entitled to be subrogated to the rights of the mortgagee and to enforce the mortgage as against his cotenants, to the extent of their liability to contribute to the satisfaction of the mortgage." 7 R. C. L., §§ 66, 67. The principle here laid down is well supported by authorities, and seems to be reasonable, just, and equitable. And applying this principle to the issues made by the demurrer to the petition, the court did not err in overruling the general demurrer and the demurrer to certain specially designated paragraphs of the petition.

Whether the court could decree petitioner to be a surety, as prayed, is not ruled, as there is no special demurrer to this part of the prayer, and the allegations setting up his right as a surety had been stricken from the petition.

*Judgment affirmed. All the Justices concur.*