54759. McDONALD v. WELDING SPECIALTY, INC. et al.

WEBB, Judge.

Charles McDonald, d/b/a McDonald Electric Company, was awarded a bid as prime contractor to erect a building at Robins Air Force Base. He entered into an oral contract with his father, John McDonald, d/b/a McDonald Welding & Machine Shop, for the welding assembly and other work on the structure. Shortly thereafter John McDonald became ill and was hospitalized, and Welding Specialty orally agreed to

either complete the welding job for McDonald Welding or to do a substantial amount of work until his recovery. The oral assignment was made known to Charles McDonald, who made no protest to the arrangement. The price agreed upon was $15,000. Charles McDonald as prime contractor was paid by the federal government for all work done on the building project, and he in turn paid McDonald Welding for work done by it and Welding Specialty. After Welding Specialty had received $10,000 in payment a dispute arose between it and McDonald Welding as to whether Welding Specialty was due to be paid any more for the work completed. Welding Specialty then requested payment from Charles McDonald of $5,627.89, which was alleged to be the balance due plus interest and costs, and when it refused to comply this suit was filed. Overruling Charles McDonald's motion for summary judgment, two motions for directed verdict and requests to charge, the trial judge turned the issues over to a jury which returned a verdict in Welding Specialty's favor for $4,617. This appeal is to the verdict and refusal of the court to rule in favor of Charles McDonald on the above motions and requests to charge based on lack of privity and satisfaction of a debt paid to one of joint creditors.

While a contract might be implied by law under the evidence here (Code § 3-107; *Pembroke Steel Co. v. Technical Sales Associates,* 138 Ga. App. 744 (1, 3) (227 SE2d 491) (1976)), we conclude that a valid assignment of the oral welding subcontract actually occurred. See Simpson, Law of Contracts 262, § 125 (2d Ed.). "Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. [Cits.]" *Taylor v. Ga. Power Co.,* 136 Ga. App. 412 (1) (221 SE2d 222) (1975); *Minter v. Reid,* 143 Ga. App. 92 (1977). We find no error for any reason assigned.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

SUBMITTED NOVEMBER 2, 1977 — DECIDED NOVEMBER 16, 1977 — REHEARING DENIED DECEMBER 7, 1977 —

R. *Joneal Lee*, for appellant.

*Mullis, Reynolds, Marshall & Horne, Art Phillips, Nixon & Nixon, John P. Nixon*, for appellees.