## 46359. AULTMAN v. UNITED BANK OF CRAWFORD et al.

(378 SE2d 302)

HUNT, Justice.

C. F. Aultman, Jr. borrowed from the United Bank of Crawford in order to buy a piece of property, which he offered as security for the note. The bank also required that W. L. Stackler, a regular customer of the bank, co-sign the note. When Stackler died and the note became due, the note was paid from the proceeds of a life insurance policy Stackler had assigned to the bank, and the bank assigned the note and security deed to his estate. Aultman then sued the bank and Stackler's executor to cancel the security deed. His position was, and is, that payment by Stackler, a co-maker, extinguished the debt leaving nothing to be assigned. The trial court accepted proof that Stackler was a surety and determined, consequently, that the security deed was not released by the payment and was properly assigned to the estate. Aultman appeals and we affirm.

1. Aultman argues it was error to allow parole evidence to prove Stackler signed the note as a surety when the note unambiguously reflects he signed as a co-maker. OCGA § 10-7-45 provides that "[i]f the fact of suretyship does not appear on the face of the contract, it may be proved by parol, . . . ." The statutes and cases relied upon by Aultman are distinguishable as they are applicable only when the defense of suretyship is asserted by one who is primarily obligated on the note in an action brought by the *payee* or his assign to collect on the note. That prohibition does not apply under the circumstances of this case and, therefore, Stackler's estate may prove he was an accommodation party. OCGA § 11-3-415 (3).[1]

2. Aultman follows up his first argument by asserting that even if Stackler were a surety, payment of the note by one who, like Stackler, was primarily responsible to the payee, extinguished the debt and the security was automatically released. Ordinarily, payment which extinguishes the debt is that made at or after maturity by one who is the principal debtor.[2] Stackler was, in fact, obligated to the bank in a primary sense. However, in this dispute between his estate and Aultman, his position relative to Aultman, that of an accommodating surety, may be established. See Division 1, supra. And it is that relationship

---

[1] As against a holder in due course and without notice of the accommodation oral proof of the accommodation is not admissible to give the accommodation party the benefit of discharges dependent on his character as such. *In other cases the accommodation character may be shown by oral proof.* [Emphasis supplied.]

[2] 11 AmJur2d 1020, Bills and Notes, § 969. This section, cited by Aultman, makes the distinction between payment of the note by one primarily obligated to pay, and a sale or transfer of the note before maturity to a third party. Aultman suggests that only in the latter circumstance would the security remain in effect. Section 969 also points out, however, that "[t]he effect of payment by a party secondarily liable is more nearly that of a purchase."

which dictates the consequence of the loan having been paid by his insurance. OCGA § 10-7-57 provides: "[a] surety who has paid the debt of his principal shall also be entitled to be substituted in place of the creditor as to all securities held by him for the payment of the debt." This provision is consistent with the rule adopted by most states[3] and applies whether the security is real or personal property. See *Rylander v. Sheffield*, 108 Ga. 111, 115 (34 SE 348) (1899). See also *Hull v. Myers*, 90 Ga. 674, 682 (16 SE 653) (1892) and OCGA § 10-7-56.[4]

The trial judge correctly refused to cancel the security deed which the bank transferred to Stackler's estate.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 19, 1989 —
RECONSIDERATION DENIED MAY 12, 1989.

*Thomas F. Jarriel,* for appellant.
*Thomas M. Green, Thomas C. Garwood,* for appellees.

---

[3] For example,
[i]n *Downie v. Cooledge*, 48 Wash2d 485, 294 P2d 926, . . . it was held in regard to accommodation indorsers who agreed to be liable as principals, that where the instrument was paid by one party primarily liable thereon, it was not discharged, but that the party so paying acquired title to the note and succeeded to all the rights of the payee.
11 AmJur2d 1015, 1017 fn. 1, Bills and Notes, § 963.
[4] OCGA § 10-7-56 states, in part: "A surety who has paid the debt of his principal shall be subrogated, both at law and in equity, to all the rights of the creditor. . . ."