A90A0609. LEVINSON v. AMERICAN THERMEX, INC.
(396 SE2d 252)

CARLEY, Chief Judge.

The relevant facts in this case are as follows: Robert Johnson and appellant-defendant executed a promissory note in their individual capacities at about the same time that Johnson obtained from appellant a controlling interest in appellee-plaintiff corporation. When the holder of the note declared it due and payable under the terms thereof, neither appellant nor Johnson paid the note. Instead, payment was made by appellee. Thereafter, appellee brought this suit against appellant, seeking reimbursement for its payment of the note. The case was tried before a jury and a verdict was returned in favor of appellee. Appellant appeals from the judgment entered by the trial court on the jury's verdict.

1. Appellant enumerates as error the trial court's denial of his motion for directed verdict and subsequent motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial. Appellant urges that there is no evidence which would authorize appellee to recover for its payment of a note on which only he and Johnson were obligated.

"[T]he legal right of subrogation arising out of the payment of the debt of another extends only in favor of a surety for the payment

of the debt or in favor of one who is compelled to pay the debt to protect his own right or interest. . . ." *Hiers v. Exum,* 158 Ga. 19 (2) (122 SE 784) (1924). Although Johnson signed the note ostensibly as a co-maker, *he* may be proved to be a surety by parol evidence. See OCGA § 10-7-45; *Campbell v. Rybert,* 46 Ga. App. 461 (1) (167 SE 924) (1933); *Buck v. Bank of the State of Ga.,* 104 Ga. 660 (30 SE 872) (1898). However, the name of *appellee* appears nowhere on the face of the note and there was no evidence that appellee had ever legally obligated itself to pay the note. See OCGA § 10-7-1; *Hollingsworth v. Ga. Fruit Growers,* 185 Ga. 873, 876 (2) (196 SE 766) (1938). Compare *Complete AAA Mfg. Corp. v. C & S Nat. Bank,* 119 Ga. App. 450, 451-52 (2) (167 SE2d 734) (1969). Moreover, it is undisputed that the debt was paid by appellee to protect *Johnson's* credit and not to protect any interest or right of appellee itself. It follows that appellee is not a surety on the note and otherwise has no right of subrogation at law.

Appellee contends that upon payment, it was automatically assigned the rights of the holder of the note. However, there is no evidence of a written assignment of the note to appellee by the holder. Under the law of this state, "where the type of agreement on which the action is brought is alleged to be an assignment of a chose in action, and it is no more than an assignment, a mere purchase of another's cause of action, it must be in writing if the assignee is to sue thereon in his own name in a purely legal action." *State Farm &c. Ins. Co. v. Jones,* 98 Ga. App. 46, 57 (2) (104 SE2d 725) (1958). The promissory note is a chose in action. *Kilgore v. Buice,* 229 Ga. 445, 447 (192 SE2d 256) (1972). Therefore, appellee cannot recover in this legal action based upon an entirely unwritten assignment of the note.

It follows that, under the evidence, appellee acted as a mere volunteer when it paid the note, and it cannot recover its voluntary payment. See OCGA § 13-1-13. Thus, the trial court erred in denying appellant's motions for directed verdict and for judgment n.o.v.

2. The remaining enumerations of error are moot.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 21, 1990 —
REHEARING DENIED JULY 11, 1990.

*Robert D. Wildstein,* for appellant.
*Gorby, Reeves, Moraitakis & Whiteman, Harold W. Whiteman, Jr., Eve A. Appelbaum, Andy Nelson,* for appellee.