A99A0064. ULTIMA REAL ESTATE INVESTMENTS, LLC et al.
v. SADDLER.
(516 SE2d 360)

BLACKBURN, Presiding Judge.

We granted this interlocutory appeal to review the trial court's denial of the defendants', Ultima Real Estate Investments (Ultima) and J. C. Mervine, motion for summary judgment. Bobby Saddler brought the underlying complaint asserting slander pursuant to OCGA § 51-5-4 (a) (3) and breach of contract against the defendants.

When reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. Further, the standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) [(1991)]. When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. [Additionally,] [o]n motions for summary judgment, the court cannot resolve the facts or reconcile the issues.

(Citations omitted.) *Adams v. Sears, Roebuck & Co.*, 227 Ga. App. 695, 696-697 (1) (490 SE2d 150) (1997).

The record reveals that Ultima hired Sadd-Co Properties, Inc. to perform interior finishing services at 1624 Virginia Avenue. Sadd-Co is owned by Bobby Saddler's wife and son. After a dispute arose over the work and the charges therefor, Saddler, in his individual capacity, brought the underlying action pursuant to an oral assignment of the breach of contract cause of action. Saddler alleged Mervine made false statements to third parties regarding his business dealings with the intent to injure his business reputation. Specifically, Saddler alleged that Mervine told other tenants of the building where Saddler was doing business that Saddler did not know what he was doing and that he had intentionally underbid the job costs. Saddler also sought damages for breach of contract.

1. Saddler's cause of action for slander against Mervine is based on OCGA § 51-5-4 (a) (3) which provides: "Slander or oral defamation consists in . . . [m]aking charges against another in reference to his trade, office, or profession, calculated to injure him therein." Mervine contends that he is entitled to summary judgment because Saddler admitted that he did not have a trade, office, or profession. Although Saddler stated in his deposition that his wife and son owned Sadd-Co and that he had not been employed in the interior finishing business in the last five years, documents in the record indicate that Saddler submitted proposals and lien waivers on behalf of Sadd-Co. Construing this evidence in the light most favorable to Saddler, as the non-movant, we find that the trial court correctly determined that issues of fact precluded the grant of Mervine's motion for summary judgment on the slander claim.

2. Saddler contends that Sadd-Co's oral assignment of its cause of action for breach of contract against Ultima was effective, citing *McDonald v. Welding Specialty*, 144 Ga. App. 303 (241 SE2d 18) (1977). However, the Court in *McDonald* recognized an assignment of an oral welding subcontract where all parties were informed of such assignment. The present case deals with an assignment of a cause of action, not an assignment of a contract. The law is clear that an assignment of another's cause of action must be in writing. See *Levinson v. American Thermex*, 196 Ga. App. 291, 292 (1) (396 SE2d 252) (1990)

where the type of agreement on which the action is brought is alleged to be an assignment of a chose in action, and it is no more than an assignment, a mere purchase of another's cause of action, it must be in writing if the assignee is to sue thereon in his own name in a purely legal action.

Therefore, the trial court erred in denying Ultima's motion for summary judgment on the breach of contract claim.

*Judgment affirmed in part and reversed in part. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 13, 1999.

*Fred B. Wachter*, for appellants.
*S. Robert Hahn, Jr.*, for appellee.