A01A0719. SCOTT v. CUSHMAN & WAKEFIELD OF GEORGIA, INC.
(547 SE2d 794)

ELLINGTON, Judge.

We granted Hugh H. Scott, Jr. an interlocutory appeal to review whether the trial court erred in denying his motion for partial summary judgment on Cushman & Wakefield of Georgia, Inc.'s claim for real estate commissions. For the reasons which follow, we find that Cushman & Wakefield lacked standing to bring this action and Scott is entitled to partial summary judgment. Consequently, we reverse the trial court's order.[1]

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case.

---

[1] Scott's counterclaim remains pending.

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review and consider the evidence with all reasonable inferences therefrom in favor of the party opposing summary judgment. *Birnbrey, Minsk & Minsk, LLC v. Yirga*, 244 Ga. App. 726 (535 SE2d 792) (2000). Viewed in the light favorable to Cushman & Wakefield, the evidence showed the following: In 1989, Scott entered into an exclusive real estate listing agreement with Royal LePage Real Estate Services of Atlanta, a Georgia corporation ("Royal Georgia"), to list a commercial property he owned. The listing agreement provided that if Royal Georgia procured a tenant, it would be entitled to a specified commission for the term of the lease. The listing agreement further provided that if the tenant exercised an option to renew or extend the lease or to lease additional space, Scott would pay the commission on the extended period or additional space. The evidence is undisputed that Royal Georgia procured a tenant for Scott's property for a seven-year term beginning March 1, 1991, and that the tenant extended the lease and added space in amendments executed in 1994, 1995, and 1996.

Cushman & Wakefield of Georgia, Inc., a Georgia corporation ("Cushman Georgia"), alleging it was the successor in interest to Royal Georgia, sued Scott for commissions allegedly owed under the listing agreement. Scott contends he is entitled to summary judgment under three alternative theories: (1) the potentially perpetual commission obligation is unenforceable as against public policy; (2) Royal Georgia's right to commissions is not assignable; and (3) Royal Georgia did not assign its right to commissions to Cushman Georgia. Pretermitting whether the commission provision of the listing agreement is unenforceable as against public policy and whether the right to commissions is assignable, we conclude Cushman Georgia failed to present evidence that it was the successor in interest to Royal Georgia, an essential element of its right to recover under the listing agreement between Scott and Royal Georgia.

The doctrine of privity of contract requires that only parties to a contract may bring suit to enforce it. *Decatur North Assoc. v. Builders Glass*, 180 Ga. App. 862, 863 (1) (350 SE2d 795) (1986); see OCGA § 9-2-20 (a). Cushman Georgia invoked a recognized exception to the requirement of immediate contractual privity between the parties to an action, specifically, that a party may assign to another a contractual right to collect payment, including the right to sue to enforce the right. *Decatur North Assoc.*, 180 Ga. App. at 863 (1); *Chancellor v. Gateway Lincoln-Mercury*, 233 Ga. App. 38, 41 (1) (502 SE2d 799) (1998) (choses in action, including accounts receivable, may be assigned); *Paulsen Street Investors v. EBCO Gen. Agencies*, 224 Ga. App. 507, 509 (481 SE2d 246) (1997) (choses in action include the

proceeds from a contract performance and are assignable). See OCGA §§ 44-12-20 (chose in action defined); 44-12-22 (assignment of choses in action arising upon contracts). To be enforceable by the assignee, such an assignment must be in writing. *Levinson v. American Thermex*, 196 Ga. App. 291, 292 (1) (396 SE2d 252) (1990). Cushman Georgia relies on the affidavit of its senior counsel, a sharing agreement, and two notices of assignment to show that Royal Georgia assigned to it the right to collect commissions from Scott.

The parties to the 1992 "sharing agreement" which assigned certain commission receivables were Royal LePage Real Estate Services Limited, an Ontario corporation ("Royal Ontario"), and Cushman & Wakefield, Inc., a New York corporation ("Cushman New York"). The record shows that Royal Georgia ceased to exist as a Georgia corporation in June 1993 when it merged with Royal LePage Real Estate Services United States, Inc., a Delaware corporation ("Royal Delaware"). Cushman Georgia, however, has not identified any document purporting to memorialize an assignment of the right to receive the commissions from Scott by Royal Georgia (or Royal Delaware) to Royal Ontario, or from Cushman New York to Cushman Georgia. In notices Royal Ontario sent to clients responsible for commissions receivable, it stated that it "and its affiliates" entered into a sharing agreement with Cushman New York "and its affiliates" and directed questions to an employee of Cushman Georgia. The face of the sharing agreement, however, shows that neither Royal Georgia nor its successor, Royal Delaware, was a signatory to the agreement. Nor did the affidavit of Cushman Georgia's senior counsel refer to any written agreements which could complete the chain of assignments from Cushman New York to Cushman Georgia. Therefore, Cushman Georgia failed to come forward with evidence supporting its allegation that it was the successor in interest to Royal Georgia's right to receive the commissions from Scott. *Levinson*, 196 Ga. App. at 292 (1). Because Cushman Georgia failed to show it was entitled to file suit to recover the commissions Scott owed to Royal Georgia, Scott is entitled to summary judgment on Cushman Georgia's claim. *Lau's Corp.*, 261 Ga. at 491; *Benton v. Gaudry*, 230 Ga. App. 373, 376 (2) (496 SE2d 507) (1998).

The judgment is reversed and the case is remanded for entry of judgment in favor of Scott on Cushman Georgia's claim.

*Judgment reversed and case remanded. Johnson, P. J., and Ruffin, J., concur.*

DECIDED APRIL 17, 2001.

*Charles H. Ivy*, for appellant.
*Grizzard, Simons & Martin, Theodore N. Stapleton*, for appellee.