### A01A1245. HAEZEBROUCK v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(555 SE2d 764)

BLACKBURN, Chief Judge.

In this matter concerning a complaint brought by a third party against a liability insurer, Joseph V. Haezebrouck appeals the trial court's grant of State Farm Mutual Automobile Insurance Company's motion to dismiss, contending that the trial court erred by: (1) finding that he could not bring a direct action against State Farm; (2) failing to treat State Farm's motion as a request for summary judgment; and (3) failing to consider the deposition of a particular expert. We affirm.

The record shows that Haezebrouck was involved in a car accident with Coleman Plemmons, who was insured by State Farm at the time. Haezebrouck subsequently brought suit against both Plemmons and State Farm. In his complaint, Haezebrouck argued that the accident was caused by Plemmons' negligence. In addition, Haezebrouck argued that State Farm was responsible for compensating him for the damage to his recreational vehicle ("RV"), that State Farm failed to properly inspect his vehicle, that State Farm failed to properly adjust his claims, and that he was a third-party beneficiary of the insurance contract between Plemmons and State Farm. Haezebrouck's claims against Plemmons and State Farm were subsequently bifurcated, and State Farm filed a motion to dismiss or, in the alternative, for summary judgment. The trial court granted State Farm's motion to dismiss, finding that, as a third party not in privity of contract with State Farm, Haezebrouck could not directly sue the liability insurer under the facts of this case. Haezebrouck now appeals this decision.

1. Haezebrouck contends that the trial court erred by finding that he could not bring an action directly against State Farm. However, "[t]he general rule is that[, where] there is no privity of contract, a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy." *Hartford Ins. Co. v. Henderson & Son, Inc.*[1] Here, neither prerequisite to the allowance

---

[1] *Hartford Ins. Co. v. Henderson & Son, Inc.*, 258 Ga. 493, 494 (371 SE2d 401) (1988).

of such a claim exists. No judgment has been levied against Plemmons, the insured, and Haezebrouck has cited no statute which would make his claims viable. Accordingly, the trial court did not err in dismissing Haezebrouck's case.

2. (a) Haezebrouck contends that the trial court erred by failing to treat State Farm's motion to dismiss his case as one for summary judgment, arguing that questions of fact remain whether State Farm competently inspected the damage to his vehicle. Haezebrouck, however, makes no argument supporting his contention. To the contrary, he merely states that the summary judgment standard should have been employed and argues about questions of fact concerning State Farm's inspection. The record shows that State Farm filed a motion to dismiss or, in the *alternative*, for summary judgment. Haezebrouck has provided no case law or citations to the record to support his claim that the trial court was required to conduct a summary judgment hearing on the issues now raised in his appeal. As such, Haezebrouck has not preserved this argument for our review. See Court of Appeals Rule 27. Moreover, no transcript of the hearing on State Farm's motion to dismiss has been provided to this Court, and in the absence thereof, we must assume that the trial court's judgment is proper. See, e.g., *Lambropoulous v. State.*[2]

(b) Although Haezebrouck argues at length in his brief that State Farm failed to properly inspect damage to his vehicle, we note that the record, as it stands before us, indicates that it was Haezebrouck and his counsel, not State Farm, who were unreasonable.

Following the accident, Haezebrouck had his RV towed to the dealer from whom he purchased it, and State Farm paid for the cost of towing. Haezebrouck's dealer estimated that it would cost $632.42 to repair the RV, and, after a State Farm inspector met with the dealer's service manager, State Farm paid to have Haezebrouck's RV repaired. Over a month later, Haezebrouck presented State Farm with a three-page list of additional damage to his RV, contending that State Farm was required to compensate him further. At the same time, Haezebrouck demanded that State Farm reinspect his RV, despite the fact that he had it previously inspected by the dealer of his choice, and Haezebrouck insisted that he be present for this second inspection.

When State Farm did not immediately acquiesce in Haezebrouck's request, Haezebrouck's counsel sent numerous letters to State Farm, accusing representatives of the insurance company of intentionally misrepresenting the truth, being unable to understand

[2] *Lambropoulous v. State*, 234 Ga. App. 625, 626 (2) (507 SE2d 225) (1998).

English, and being untrustworthy and determined to commit fraud. At no point, however, did counsel cite any authority supporting his demand for a second inspection or his demand that Haezebrouck be present at such inspection.

Ultimately, State Farm performed the requested second inspection of Haezebrouck's RV, though it did so in Haezebrouck's absence. Following this inspection, State Farm concluded that any additional damage claimed by Haezebrouck had not been caused by the accident with Plemmons. In response, Haezebrouck's counsel wrote a letter to State Farm stating that he considered the inspection "moot if not fraudulent" because it was conducted in his client's absence. Again, no authority was provided for this claim.

Haezebrouck's attorney now attempts to further his admittedly acrimonious crusade on appeal, and he continues to make sweeping accusations against State Farm without citation to proper authority, without a copy of the insurance contract under which he claims to be entitled to rights as a third-party beneficiary being entered into evidence, and without a transcript of the hearing of which he complains. Such invective in the absence of factual or legal support is both unprofessional in general and violative of this Court's rules in particular.

While zealous representation of a client is required of every attorney, there was no basis for Haezebrouck's counsel to think that he would obtain a favorable ruling at trial, or on appeal. The appeal in this case is frivolous. This Court hereby imposes a penalty against Haezebrouck and his counsel in the amount of $250 under the provisions of Court of Appeals Rule 15 (b) and (c). The imposition of this penalty shall constitute a money judgment in favor of State Farm against Haezebrouck and his counsel of record in this case. Upon filing of the remittitur in the trial court, the penalty may be collected as are other money judgments.

3. Haezebrouck also argues that the trial court failed to consider the deposition of a particular expert regarding State Farm's inspection of his vehicle. This enumeration lacks merit for several reasons. First, this argument assumes that the trial court was required to consider State Farm's motion as one for summary judgment, which, as discussed above, is erroneous. Second, Haezebrouck has provided no transcript of the hearing about which he now complains. And, third, even if Haezebrouck's argument that State Farm improperly inspected his vehicle could be heard by this Court, the record contains no copy of the underlying insurance contract which would set the parameters for the inspection process. *Griffin v. Travelers Ins.*

*Co.*[3] Therefore, we affirm the trial court's actions. Moreover, we have reviewed the deposition transcript about which Haezebrouck complains, and it provides no basis for the arguments he now raises.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 19, 2001 —
RECONSIDERATION DENIED NOVEMBER 2, 2001 — 

*Michael J. Kramer*, for appellant.
*Downey & Cleveland, Y. Kevin Williams*, for appellee.

---

[3] *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665, 666 (497 SE2d 257) (1998).
[1] *Cox v. State*, 241 Ga. App. 388, 389 (526 SE2d 887) (1999).