A04A0470. JOHNSON v. AGSOUTH FARM CREDIT.
(600 SE2d 664)

ANDREWS, Presiding Judge.

Ronald Johnson appeals from the trial court's grant of summary judgment to AgSouth Farm Credit (AgSouth or Bank) on Johnson's claim to remove a cloud on the title to land Johnson owns in Hazelhurst, Georgia. Johnson argues on appeal that AgSouth improperly assigned a note and security deed to his co-debtor, Edward Zell Moody, after Moody paid the note in full. Johnson claims that when Moody paid the note in full, the debt was extinguished and the collateral should have been released. We agree and reverse.

In 1979, Johnson and Moody jointly borrowed $320,000 from the Federal Land Bank of Columbia (the Land Bank), a predecessor in interest to AgSouth Farm Credit, to buy a tract of land known as the Girtman tract. They secured the loan with the Girtman tract, two pieces of property owned solely by Moody and one piece of property owned solely by Johnson. At the time, Johnson owed the Land Bank $74,510 on the property he was putting up as collateral and this amount was rolled over into the loan to buy the Girtman tract.

Johnson and Moody entered into a separate agreement as to how payments would be made on the $320,000 note. The agreement provided that both would be equally responsible for the amount

---

borrowed to purchase the Girtman tract and Johnson would be solely responsible for the amount that paid off the loan on his property.

Both Johnson and Moody subsequently sold their interest in the Girtman tract. At some point, however, Moody acquired title to the entire tract and then quitclaimed it to his wife Sandra in 1999. Also at some point, the land put up by Moody as collateral for the note was released by the Bank, leaving Johnson's property and the Girtman tract as collateral.

The loan went into default in December 1999, and on January 6, 2000, Moody paid off the entire amount remaining, $88,175. Moody requested, however, that, instead of cancelling the debt and releasing the collateral, AgSouth assign the note and security deeds to the Johnson and Girtman tracts to him.

AgSouth agreed to assign the note to Moody, who then assigned it to the First National Bank of Coffee County. The First National Bank of Coffee County later assigned the note back to Moody.

Johnson filed suit against the Moodys, AgSouth, and the First National Bank of Coffee County, claiming the Bank improperly refused to release the lien on his property. Johnson filed a motion for partial summary judgment which the trial court denied. AgSouth filed a motion for summary judgment which the trial court granted. It is from that order that Johnson now appeals.

1. In its order, the trial court determined that the real issue in this case was the right of one co-tenant to secure his right of contribution from another co-tenant. But Moody and Johnson are not co-tenants, they hold no common property, and this suit does not involve enforcing a mortgage against a co-tenant. As stated above, Johnson and Moody both sold their interest in the Girtman tract many years ago, and the two pieces of property securing the note are now owned solely by Sandra Moody and solely by Johnson.

2. The Bank also claimed that although Moody signed the note as a co-debtor, he was in fact signing as a surety and therefore was entitled to assignment of the security deed. OCGA § 10-7-57 provides: "A surety who has paid the debt of his principal shall also be entitled to be substituted in place of the creditor as to all securities held by him for the payment of the debt." Here, even though Moody signed the note as a co-maker, he may show by parol or other evidence that he was in fact a surety on the note. *Cohen v. Northside Bank & Trust Co.*, 207 Ga. App. 536, 537 (428 SE2d 354) (1993); OCGA § 10-7-45.

OCGA § 10-7-1 defines suretyship as follows:

> The contract of suretyship or guaranty is one whereby a person obligates himself to pay the debt of another in consideration of a benefit flowing to the surety or in consideration of credit or indulgence or other benefit given to his principal,

the principal in either instance remaining bound therefor. Sureties, including those formerly called guarantors, are jointly and severally liable with their principal unless the contract provides otherwise. There shall be no distinction between contracts of suretyship and guaranty.

The Bank argues that Moody was a surety because he put up two tracts of separately owned land as collateral for the debt which included Johnson's sole obligation on the pre-existing mortgage. We disagree.

"The rights and liabilities of makers, *as between themselves*, depend on the contract between them and the relation they sustain to each other and to the transaction. One maker may show that he was in fact a surety for another." (Emphasis in original.) *Betts v. Brown*, 219 Ga. 782, 788 (136 SE2d 365) (1964). It is the intention of the parties that is the controlling element. *Barylak v. Jordan*, 156 Ga. App. 508 (274 SE2d 846) (1980).

In this case, the note was executed so that both parties could buy a tract of land. Both parties received an equal benefit, and there is no evidence that Johnson was the principal debtor and Moody was a surety. The agreement between Moody and Johnson supports this conclusion. Johnson was solely liable for that portion of the loan that represented the payout of the previous mortgage on his property. Both he and Moody were required to put up property in addition to the land they bought with the borrowed money. Most importantly, there is nothing in the agreement showing any intent by the parties that one was signing as the principal debtor and the other was signing as a surety.

3. The Bank also argued that, even if Moody is a co-debtor and not a surety, notes are freely assignable. That does not change the result in this case. OCGA § 23-2-71 provides:

In cases of joint, joint and several, or several liabilities of two or more persons, where all are equally bound to bear the common burden and one has paid more than his share, he shall be entitled to contribution from the others; and whenever the circumstances are such that an action at law will not give a complete remedy, equity may entertain jurisdiction.

In construing this Code section, the courts have made clear that there is a difference between the rights of a co-debtor entitled to contribution and a surety who is legally subrogated to the rights of the creditor and entitled to sue on the original indebtedness. In *Sherling v. Long*, 122 Ga. 797 (50 SE 935) (1905), the court held that although a surety paying the debt of his principal was legally subrogated to the rights

of the creditor, "a joint obligor is not subrogated in law to the rights of the creditor as against his co-obligor for contribution." Id. at 799. The court stated that it was "the peculiar circumstances of the case which enlarge [the co-obligor's] remedy beyond an action at law for contribution arising from the payment of the joint liability." Id. The court concluded that "the right of action of a co-obligor who satisfies the debt for contribution from those liable with him rests upon the implied promise, raised by law, that the joint obligor who has not paid his share of the joint obligation will contribute, to the co-obligor paying more than his share, such sum as will equalize the burden." Id.

Likewise, in *Levinson v. American Thermex*, 196 Ga. App. 291 (396 SE2d 252) (1990), the note was paid by a corporation in which one of the co-makers had a controlling interest. This Court held that there was no right of subrogation, re-affirming that "the legal right of subrogation arising out of the payment of the debt of another extends only in favor of a surety for the payment of the debt or in favor of one who is compelled to pay the debt to protect his own right or interest." (Punctuation omitted.) Id. at 291-292. See also 6 Anderson, Uniform Commercial Code, § 3-414:92 (A co-maker who pays the entire note does not have a right of recourse on the note to obtain indemnity from another co-maker, but only has an equitable right of contribution. This rule is a continuation of pre-UCC law because the UCC itself is silent as to the nature and extent of the recovery of the paying co-maker.).

In *Aultman v. United Bank of Crawford*, 259 Ga. 237 (378 SE2d 302) (1989), the court again made a distinction between payment of a note by one who is primarily liable and one who is secondarily liable. In that case, Aultman borrowed money from the bank to buy a piece of property and offered the property as security for the note. This apparently was not sufficient for the bank and it required Stackler, "a regular customer," to co-sign the note. When Stackler died and the note became due, it was paid in full from the proceeds of a life insurance policy Stackler had assigned to the bank. The bank then assigned the note and security deed to Stackler's estate. Aultman sued to cancel the security deed, claiming that payment by a co-maker extinguished the debt. The court held that although Stackler was obligated to the bank in a primary sense, his position relative to Aultman was that of an accommodating surety and it was "that relationship which dictates the consequence of the loan having been paid by his insurance." Id. at 237-238. Accordingly, the court held that the trial judge correctly refused to cancel the security deed which the bank transferred to Stackler's estate. Id.

*Johnson v. Washington*, 152 Ga. 635 (110 SE 889) (1922) is distinguishable. That case held "[t]he general rule is that where one tenant in common, in order to protect his interest, pays a mortgage on

the common property, he is entitled to be subrogated to the rights of the mortgagee and to enforce the mortgage as against his cotenants, to the extent of their liability to contribute to the satisfaction of the mortgage." Id. at 638. As previously stated, Moody and Johnson are not co-tenants of common property and Moody has no rights as a mortgagee to protect.

Likewise, OCGA § 9-13-78, cited by the Bank, is inapplicable. That section pertains to co-defendants against whom a judgment has been obtained.

The Bank's assignment of the loan to Moody and its refusal to cancel the debt and release the lien on the remaining collateral has the effect of putting Moody in the position of a surety, which case law holds cannot be done. Moody was not a surety on the note, and therefore the law is clear that he is not entitled to be subrogated to the rights of the Bank.

Other state courts have reached the same conclusion. For instance, in *Awed v. Marsico*, 538 NE2d 43 (Mass. App. Ct. 1989), the court held that the note was extinguished when paid by a co-maker and the only action available was one for contribution. Id. The court discussed the reasoning behind this holding:

> The Uniform Commercial Code is silent as to whether a co-maker has a right of recourse on the instrument against his co-makers or only a right to common law contribution. 5 Hawkland & Lawrence U.C.C. Series § 3-601:04 (1984). Prior to the adoption of the Uniform Commercial Code co-makers had no right of recourse on a note once full payment of the debt was made because such payment was seen as extinguishing the note. *Bryant v. Smith*, 10 Cush. 169, 171 (1852). Instead, because co-makers were presumed to be liable in equal amounts, a right of contribution existed between or among them, based not upon the instrument but upon an implied contract of reimbursement. 11 Am.Jur.2d Bills & Notes § 588 (1963). Therefore, it would appear that under the Code, a co-maker's remedy against the other co-makers is not an action on the note but rather an action for equitable contribution toward the amount he paid on the note. . . . See Restatement of Restitution § 81 (1937).

Id. at 45.

Therefore, in light of the holding above, once the note was paid by Moody, as co-maker, the debt was extinguished and the Bank was required to release the remaining property held as collateral. It follows that the Bank could not properly assign the security deed to Johnson's property to Moody.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED MAY 24, 2004.

Cook, Noell, Tolley, Bates & Michael, J. Vincent Cook, Robert C.
Irwin III, Ken W. Smith, for appellant.
Brown, Rountree & Stewart, Charles H. Brown, for appellee.