A07A2150. PONDER v. CACV OF COLORADO, LLC.
(658 SE2d 469)

BERNES, Judge.

We granted Aaron M. Ponder's application for discretionary appeal to review whether the trial court erred in granting summary

judgment to CACV of Colorado, LLC in its suit on account.[1] Because the record contains no evidence that CACV was authorized to pursue the debt on behalf of the original party in interest, we reverse.

We review a grant of summary judgment de novo, viewing all evidence and all reasonable conclusions and inferences drawn from the record in the light most favorable to the nonmovant. *All Fleet Refinishing v. West Ga. Nat. Bank*, 280 Ga. App. 676 (634 SE2d 802) (2006). Summary judgment is warranted only if there is no genuine issue of material fact and the movant demonstrates entitlement to judgment as a matter of law. Id.

So viewed, the record shows that sometime prior to 2002, Ponder entered into a cardholder agreement with Fleet Bank and opened a charge account. On August 18, 2006, CACV, alleging that it was successor in interest of Fleet Bank, filed a complaint against Ponder to recover monies that he allegedly owed under that account. CACV then moved for summary judgment. In support of its motion, CACV filed an affidavit from one of its agents who averred that Ponder had established a charge account with Fleet Bank and had an outstanding balance on that account in the amount being sought by CACV, plus interest. The trial court granted CACV's motion, and we granted the application for discretionary review.

As a general rule, the law requires that one must be a party to a contract in order to enforce its provisions. *Scott v. Cushman & Wakefield of Ga.*, 249 Ga. App. 264, 265 (547 SE2d 794) (2001). CACV, however, seeks to invoke an exception to the contractual privity rule, namely "that a party may assign to another a contractual right to collect payment, including the right to sue to enforce the right." Id. See OCGA § 44-12-22. But an assignment must be in writing in order for the contractual right to be enforceable by an assignee. *Scott*, 249 Ga. App. at 266.

We must reverse the trial court because the record is totally devoid of any evidence supporting CACV's allegation that it is the successor in interest to Fleet Bank's right to recover any outstanding debt from Ponder. *Scott*, 249 Ga. App. at 265-266. See also *Ultima Real Estate Investments v. Saddler*, 237 Ga. App. 635, 636-637 (2) (516 SE2d 360) (1999); *Levinson v. American Thermex*, 196 Ga. App. 291, 292 (1) (396 SE2d 252) (1990). Indeed, besides identifying itself as a successor in interest in the style of its complaint, CACV has made no further allegation or presented any other proof of its relationship with Fleet Bank. Under these circumstances, summary judgment in

---

[1] This case was subject to the discretionary appellate procedure set forth in OCGA § 5-6-35 (a) (6) because it involves a monetary judgment in an amount less than $10,000.

favor of CACV was improper. See *Scott*, 249 Ga. App. at 265-266; *Ultima Real Estate Investments*, 237 Ga. App. at 636-637 (2); *Levinson*, 196 Ga. App. at 292 (1).

*Judgment reversed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 29, 2008.

Aaron M. Ponder, *pro se.*
*Trauner, Cohen & Thomas, Michael J. Cohen*, for appellee.