**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 30, 2017**

# In the Court of Appeals of Georgia

A17A1318. AUTO-OWNERS INSURANCE COMPANY v. TRACY.

REESE, Judge.

This appeal arises from a suit initially filed in magistrate court by a subcontractor for nonpayment of services. The general contractor's commercial general liability ("CGL") insurer, Auto-Owners Insurance Company (hereinafter "Auto-Owners") seeks review of the denial of several of its motions, including a motion to dismiss based on lack of privity of contract. For the reasons set forth, infra, we reverse the denial of Auto-Owners' motion to dismiss and affirm the denial of Auto-Owners' motion for attorney fees.

Proceeding pro se, the subcontractor, Jerod Tracy d/b/a Tracy Transport, LLC ("Tracy"), filed a breach of contract action in magistrate court, alleging that he had

entered into a contract with the general contractor, Holli Bortz d/b/a JL Hardscapes ("Bortz"), to do certain work at a residence. According to the complaint, after Tracy completed the agreed-upon work, Bortz refused to pay the amount due. Seeking payment in full, Tracy's suit named as defendants "Holli Bortz d/b/a JL Hardscapes," as well as the owner and the occupier of the residential property.

After the magistrate court entered a default judgment against "Holli Bortz d/b/a JL Landscapes,"[1] the court transferred the suit to superior court. Tracy, represented by counsel, then added as defendants on his breach of contract claim: "James Lally," "James Lally d/b/a JL Hardscapes," and Auto-Owners. Tracy identified James Lally as "now known to be d/b/a JL Hardscapes," and thereupon asserted a theory that "James Lally and James Lally d/b/a JL Hardscapes held himself out to be an authorized agent and co-owner for the company, JL Hardscapes, and inasmuch, contracted with sub-contractors, [such] as [Tracy]." Tracy identified Auto-Owners as the CGL insurer of Lally and JL Hardscapes, and thereupon claimed that the insurance company also owed him the damages sought on his breach of contract claim. These damages included lost wages and other income, the loss of his dump truck, and the loss of his business, due to the nonpayment of services.

---

[1] The parties cite no explanation for the business-name discrepancy.

2

The amended complaint incorporated a joint motion to implead third parties, along with supporting brief and exhibits.[2] Exhibit O to the motion is a "Certificate of Liability Insurance" for a CGL policy, listing the insured as "James Lally, dba JL Hardscapes." Exhibit T is designated as "Acknowledgment of Notice of Claim from Auto-Owner's Insurance to Plaintiff's counsel" and includes a declaration page designating the insured ("James Lally dba JL Hardscapes") as an "individual."

Auto-Owners filed a motion to dismiss for failure to state a claim, arguing that, because Tracy lacked privity of contract with Auto-Owners and had not obtained a monetary judgment against its insured, Lally, Tracy could not maintain a direct action against Auto-Owners. Auto-Owners also filed a motion for summary judgment, additionally arguing that the policy did not provide coverage for the type of damages that Tracy sought; a motion to quash Tracy's subpoena duces tecum; and a motion for attorney fees.

After oral argument, the trial court denied the motions. Following the grant of its application for interlocutory review, Auto-Owners appeals from the orders denying all four motions.

---

[2] The owner and the occupier had filed a motion to implead James Lally in magistrate court, but the magistrate court did not rule on the motion before transferring the case to the superior court.

3

"This appellate court reviews de novo a trial court's ruling on a motion to dismiss. A motion to dismiss may be granted where a complaint lacks any legal basis for recovery."[3] "[W]e view all of the plaintiff's well-pleaded material allegations as true, and view all denials by the defendant as false, noting that we are under no obligation to adopt a party's legal conclusions based on these facts."[4] With these guiding principles in mind, we turn now to the specific claims of error raised by Auto-Owners.

1. Auto-Owners contends that the trial court erred in denying its motion to dismiss because a non-insured plaintiff cannot bring a direct action against a liability insurer absent an unsatisfied judgment against the insured or a statute or policy provision allowing such suit. We agree.

"Generally, a party not in privity of contract may not bring a direct action suit against the liability insurer of the party alleged to have caused damage absent an

---

[3] *Seay v. Roberts*, 275 Ga. App. 295, 296 (620 SE2d 417) (2005) (citations omitted).

[4] *Barrett v. Nat. Union Fire Ins. Co.*, 304 Ga. App. 314, 315 (696 SE2d 326) (2010) (citation omitted).

unsatisfied judgment against the insured, legislative mandate, or as permitted by a provision in the insurance policy in issue."[5]

The amended complaint does not allege privity of contract between Tracy and Auto-Owners; in fact, the complaint acknowledges that Tracy was not an insured of Auto-Owners or otherwise a party to a contract with Auto-Owners.[6] Second, Tracy has not shown that he has obtained "an unsatisfied judgment against the *insured*."[7] The magistrate court entered a default judgment against "Holli Bortz d/b/a J L Landscapes." However, according to the declarations page, incorporated in the amended complaint, the policy named "James Lally, dba JL Hardscapes" as the insured. Because Tracy failed to demonstrate that "Holli Bortz d/b/a J L Landscapes"

---

[5] *Richards v. State Farm Mut. Automobile Ins. Co.*, 252 Ga. App. 45 (555 SE2d 506) (2001) (citations omitted). See *Hartford Ins. Co. v. Henderson & Son*, 258 Ga. 493, 494 (371 SE2d 401) (1988), citing *Seaboard Coast Line R. Co. v. Freight Delivery Svc.*, 133 Ga. App. 92, 95-96 (3) (210 SE2d 42) (1974) ("An insurer may not be joined as a party defendant with the insured and sued directly, unless a judgment has previously been obtained against the insured which is unsatisfied or liability has been otherwise fixed, or unless a provision in the policy permits it, or unless specifically permitted by statute[.]") (citations omitted).

[6] See *Scott v. Cushman & Wakefield of Ga.*, 249 Ga. App. 264, 265 (547 SE2d 794) (2001) ("The doctrine of privity of contract requires that only parties to a contract may bring suit to enforce it.") (citations omitted).

[7] See *Richards*, 252 Ga. App. at 45 (emphasis supplied).

5

was an insured of Auto-Owners at the time his claim arose, Tracy's reliance upon the default judgment entered against "Holli Bortz d/b/a J L Landscapes" is unavailing.

"A trade name is merely a name assumed or used by a person recognized as a legal entity. A judgment against one in an assumed or trade name is a judgment against him as an individual. An undertaking by an individual in a fictitious or trade name is the obligation of the individual."[8] In light thereof, the default judgment against "Holli Bortz d/b/a J L Landscapes" is not an "unsatisfied judgment against the *insured*."[9]

Third, Tracy makes no assertion that his direct action against Auto-Owners is specifically authorized by statute. And fourth, Tracy has cited no provision of the

---

[8] *Samples v. Ga. Mut. Ins. Co.*, 110 Ga. App. 297, 299 (138 SE2d 463) (1964) (citations and punctuation omitted).

[9] See *Richards*, 252 Ga. App. at 45 (emphasis supplied). See also *Haezebrouck v. State Farm Mut. Automobile Ins. Co.*, 252 Ga. App. 248-249 (1) (555 SE2d 764) (2001) (where plaintiff filed a direct action against the insurance company on allegations that the insurance company was responsible for compensating him for the damage done to his vehicle by its insured and that he was a third-party beneficiary of the insurance contract, the trial court properly dismissed the action because plaintiff was not in privity of contract with the insurance company, no judgment had been levied against the insured, and no statute made the claim against the insurance company viable).

6

policy in his amended complaint that specifically permits him to bring a breach of contract action directly against the insurance company.

Although Tracy argues that both he and Bortz are "insureds" as Lally's employees, agents, or subcontractors, facts to support this allegation are not part of the complaint.[10] The policy, attached only to the motion to dismiss, states that, when the business owner is designated as an individual in the "Declarations," the "insureds" include "you and your spouse . . . but only with respect to the conduct of a business of which you are the sole owner." "Employees" may also be included as "insured[s]." The complaint did not allege that Tracy was Lally's employee, nor did it allege that Bortz was either Lally's spouse or employee; instead, it stated that the insureds were Lally and JL Hardscapes. The trial court thus erred by denying the motion to dismiss, and we reverse the denial of that motion.[11]

2. Auto-Owners argues that the superior court abused its discretion in denying its motion for attorney fees under OCGA § 9-11-30 (g) (1), which provides:

> If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney

---

[10] See *Barrett*, 304 Ga. App. at 315.

[11] See *Haezebrouck*, 252 Ga. App. 248-249 (1).

7

pursuant to the notice, the court *may* order the party giving the notice to pay to such other party the reasonable expenses incurred by him and his attorney in attending, including reasonable attorney's fees.[12]

"Trial courts have broad discretion in controlling discovery, including the imposition of sanctions, and this Court will not reverse the trial court's decision in such cases absent a clear abuse of discretion."[13] "[T]rial judges, through their direct involvement with the case, the parties, and the attorneys, and their familiarity with the actions of the parties in the conduct of discovery in similar cases that are properly brought to their attention, are in the best position to evaluate the parties' conduct and to determine the appropriate level of sanctions."[14]

Tracy's attorney presented evidence that she and her young son were ill on the date of the scheduled deposition and that she inadvertently failed to timely notify counsel for Auto-Owners in advance. In light of the use of the word "may" in OCGA

---

[12] (Emphasis supplied).

[13] *Rice v. Cannon*, 283 Ga. App. 438 (1) (641 SE2d 562) (2007) (citation omitted).

[14] *Marvin Hewatt Enterprises v. Butler Capital Corp.*, 328 Ga. App. 317, 323 (6) (761 SE2d 857) (2014) (citation omitted).

§ 9-11-30 (g) (1) and the explanation provided by Tracy's attorney, the trial court did not abuse its discretion in denying the motion for attorney fees.

We note further that Auto-Owners sought $1,155, which represented 7.7 hours of work "in connection with the canceled depositions[,]" including 4.2 hours for "research and drafting the Motion for Attorney's Fees, the supporting brief, and [the attorney's] affidavit." Auto-Owners presented no authority to support its position that the time spent *preparing* the motion for attorney fees constituted "reasonable expenses incurred by [Auto-Owners] and [its] attorney in *attending*" the scheduled deposition.[15] Thus, even if the court decided to award Auto-Owners attorney fees, the company would not be entitled to an award for those hours. We therefore affirm the trial court's denial of Auto-Owners' motion for attorney fees.

3. In light of our ruling in Division 1, supra, the remaining claims of error raised by Auto-Owners are moot.

*Judgment affirmed in part and reversed in part. Miller, P. J., and Doyle, J., concur*.

---

[15] See OCGA § 9-11-30 (g) (1) (emphasis supplied).

9