*834 McFadden, Presiding Judge, concurring in part and dissenting in part.
I agree with much of Presiding Judge Barnes's opinion. Like her, I concur fully in Division 1 (a) of the majority opinion, concur in part in Division 3 of that opinion, but dissent to the remaining divisions of that opinion. I write separately to explain where I disagree with Presiding Judge Barnes and to more fully address points raised by reconsideration in light of our Supreme Court's decision in State v. Cohen , 302 Ga. 616, 807 S.E.2d 861 (2017).
We initially decided this case on March 16, 2017. Rogers v. Dupree , 340 Ga. App. 811, 799 S.E.2d 1 (2017). The Supreme Court decided State v. Cohen , supra, later that year. On April 16, 2018, the Supreme Court granted certiorari in this case, vacated our 2017 decision, and remanded for reconsideration "in light of State v. Cohen [.]" Cohen v. Rogers , 2018 Ga. LEXIS 260 (2018).
State v. Cohen was an appeal from a trial court's grant of a general demurrer to an indictment arising out of the same events as the case before us. The issue before the Supreme Court was whether the indictment sufficiently charged crimes. The Supreme Court held that "the allegations in the indictment are legally insufficient to support a charge of conspiracy to commit extortion," State v. Cohen , supra at 622 (1), 807 S.E.2d 861, but that the indictment sufficiently alleged unlawful eavesdropping or surveillance under OCGA § 16-11-62 (2). Id. at 632 (2), 807 S.E.2d 861.
On remand, we should consider whether the complaint before us sufficiently alleges torts.[1] It does not.
Presiding Judge Barnes views all of the allegations in the complaint to be a species of abusive litigation. I agree, except as to the allegations that correspond to the criminal charges of unlawful eavesdropping or surveillance under OCGA § 16-11-62 (2) upheld by our Supreme Court.
All of the allegations other than unlawful eavesdropping or surveillance assert abusive litigation because they concern acts that amount to the "initiation, continuation, or procurement of civil proceedings." OCGA § 51-7-81 (emphasis supplied). "[T]he fundamental rules of statutory construction ... require us to construe (this) statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage." Lyman v. Cellchem Intl. , 300 Ga. 475, 477, 796 S.E.2d 255 (2017) (citation and punctuation omitted). See generally Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174-179 (2012) (discussing "Surplusage Canon"). But the majority reads "procurement" out of the statute when it holds that the defendants' pre-litigation activities fell outside of this statutory definition. The term "procure" means, among other things, "to prevail upon by persuasion[, to] induce[, or] to endeavor to bring about[.]" Mgmt. Compensation Group/Southeast v. United Security Employee Programs , 194 Ga. App. 99, 102 (2), 389 S.E.2d 525 (1989), quoting Webster's New Intl. Dictionary, 2d ed. (punctuation omitted). This broad definition can encompass pre-litigation activities.
And I fully agree with Presiding Judge Barnes that those allegations of abusive litigation are precluded because the required statutory procedure was not followed. The abusive litigation statute, OCGA § 51-7-80 et seq., "is the exclusive remedy for abusive litigation." OCGA § 51-7-85. And the "condition[s] precedent" for an abusive litigation claim are a "written notice," OCGA § 51-7-84 (a), which Rogers did not give, and "final termination of the proceeding in which the alleged abusive litigation occurred,"
*835 OCGA § 51-7-84 (b), which termination has not yet occurred.
But of the allegations of unlawful eavesdropping or surveillance, my reconsideration in light of State v. Cohen , supra, must reckon with the Supreme Court's decision that the corresponding counts in the criminal indictment sufficiently alleged violations of OCGA § 16-11-62 (2).[2] In light of that holding, I must acknowledge a distinction between conduct that would be tortious (or criminal) whether connected to litigation or not, on the one hand, and conduct that is arguably tortious only because of its connection to the "initiation, continuation, or procurement of civil proceedings," on the other. OCGA § 51-7-81. While the latter is subject to the abusive litigation statute, the former is not. For example, a tort claim founded on a violent assault would not be subject to the abusive litigation statute, even if the assault were committed to intimidate a witness.
So while I adhere to the view that Rogers's claims regarding the demand letter fall squarely within the abusive litigation statute, I am persuaded that his claim for videotaping him without his consent would fall outside that statute - if it were a tort.
As to his allegations of criminal behavior, Rogers admits that the statutes establishing the criminal offenses of unlawful eavesdropping or surveillance under OCGA § 16-11-62 and extortion under OCGA § 16-8-16, "do not create private rights of action." His argument in support of his private claims for conduct criminalized by those statutes is that he does not rely on the statutes themselves. "Instead he claims violations of Georgia's RICO statute, for which violations of [those statutes] constitute predicate acts[.]"
But the Georgia RICO statute prohibits actions "through a pattern of racketeering activity[.]" OCGA § 16-14-4 (a). A "pattern" (outside the context of domestic terrorism) requires "at least two acts of racketeering activity." OCGA § 16-14-3 (4) (A). "Racketeering activity" is defined at OCGA § 16-14-3 (5), with a long list of predicate acts and cross-references to other statutes. Extortion is on that list at OCGA § 16-14-3 (5) (B). But unlawful surveillance isn't. And the remaining acts Rogers complains about fall squarely under the umbrella of abusive litigation. So Rogers has only one predicate act, the demand letter. That's not enough for Georgia RICO.
Moreover, the viability of the extortion claim founded on the demand letter - if only as a single predicate act under RICO - must be reexamined in light of the Supreme Court's analysis in State v. Cohen , supra. The Supreme Court struck down the criminal extortion charge founded on that demand letter. State v. Cohen , 302 Ga. at 624-625 (1), 807 S.E.2d 861. In doing so, the Court reaffirmed that "mere threats to sue cannot constitute criminal extortion." Id. at 623 (1), 807 S.E.2d 861 (citations and punctuation omitted). The Court went on in a footnote to acknowledge the possibility "that a charge of extortion could ... be based on intentional falsehoods or on knowingly frivolous claims," id. at 624 (1) n. 9, 807 S.E.2d 861 (citation and punctuation omitted), but found that the criminal indictment did not allege
that the legal grounds supporting the threatened litigation in this case were based on intentional falsehoods or that the lawsuit was otherwise somehow unlawful such that the protection typically afforded to private litigation by the First Amendment right to petition the government for redress of grievances would not longer be available.
Id.
The majority relies on this footnote, finding that the civil claim based on extortion survives the motion to dismiss because Rogers alleged in his complaint that the threatened litigation was false and frivolous. But in construing the complaint in the context of a motion to dismiss, we are required only to accept as true Rogers's well-pleaded facts, not his legal conclusions based on those facts. Auto-Owners Ins. Co. v. Tracy , 344 Ga. App. 53, 54, 806 S.E.2d 653 (2017). Rogers does *836 not dispute that he engaged in sexual activity with a person in his employment. His allegation that this activity did not rise to the level of sexual harassment is a legal conclusion.
For these reasons, the complaint must be dismissed.

I concur fully in Division 1 (a) of the majority opinion in which the majority concludes that Count 2 of Rogers's complaint (invasion of privacy through the public disclosure of private facts) should have been dismissed against Dupree under the abusive litigation statute. I also concur in Division 3 to the extent that the majority concludes that Count 2 of Rogers's complaint should have been dismissed against Cohen and Butters under the abusive litigation statute.
I previously discussed the factual and procedural background of this case in greater detail. See Rogers v. Dupree , 340 Ga. App. 811, 821-828, 799 S.E.2d 1 (2017) (Barnes, P. J., concurring in part and dissenting in part), vacated by Cohen v. Rogers , 2018 Ga. LEXIS 260 (2018).

Because I conclude that all of Rogers's claims should have been dismissed under Georgia's abusive litigation statute, I do not believe that this Court needs to reach the question whether dismissal was appropriate under Georgia's Anti-SLAPP statute in light of our Supreme Court's decision in State v. Cohen , 302 Ga. 616, 807 S.E.2d 861 (2017).