20983. SAINT PAUL FIRE & MARINE INSURANCE CO. v. JOHNSON *et al.*

MOBLEY, Justice. This case is here on grant of certiorari to the Court of Appeals in *Johnson v. Saint Paul Fire & Marine Ins. Co.,* 101 Ga. App. 734 (115 S. E. 2d 221), where is set out a detailed statement of the allegations of the petition and of the demurrer of Johnson and Gilbert, two of the defendants in the declaratory-judgment action. The Court of Appeals held that the trial judge erred in overruling the general demurrer and the special demurrers to the petition, on the

ground of misjoinder of parties, and this is assigned as error in the petition for certiorari. *Held*:

The Court of Appeals held that no justiciable controversy within the meaning of the Declaratory Judgment Act (*Code Ann.* § 110-1101 (a)) exists between the insurance company and the two plaintiffs in the action for damages against Solomon, the insured, and Hertz. Gilbert and Johnson are seeking judgments against Solomon in actions which Solomon contends are covered by the policy of insurance issued by the plaintiff insurance company on the Solomon car; and the insurance company denies Solomon's contention because of his failure to comply with conditions of the policy requiring him to give the company notice of the accident and to promptly forward any claims, process, etc., against him. Under the provisions of the policy, which is attached to and made a part of the petition for a declaratory judgment, it is provided that, if any person obtains a judgment against the insured, which, under the terms of the policy, the insurance company is required to pay, such person may maintain an action against the insurance company to recover under the policy to the extent of the insurance afforded by the policy.

While the petition does not allege that the plaintiffs have notified the insurance company that they will look to it to pay, to the extent of its policy, any judgments they may recover against the insured Solomon, as in *Mensinger v. Standard Acc. Ins. Co.*, 202 Ga. 258 (42 S. E. 2d 628), or that the defendant Solomon is insolvent, as in *Georgia Cas. &c. Co. v. Turner*, 86 Ga. App. 418 (71 S. E. 2d 773), yet the plaintiffs are seeking judgments, and until they procure them they are in no position to make demand for payment upon the insurance company. Any demand or notice prior to judgment would be premature. There has been no disclaimer by the plaintiffs of intention to seek payment of their judgments by the insurance company if they get judgments. This presents not a remote or contingent future possibility of dispute but a real and imminent threat facing the insurance company. In Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U. S. 270, 273 (61 S. Ct. 510, 85 L. Ed. 826), in determining whether there exists a controversy within the meaning of the Federal Declaratory Judgment Act, which is similar to ours, the court stated: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show

that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. See Aetna L. Ins. Co. v. Haworth, 300 U. S. 227, 239-242, 81 L. Ed. 617, 620-622, 57 S. C. 461, 108 A. L. R. 1000."

Where, as here, the insurance company presents a justiciable controversy with its insured, wherein it seeks determination of the question of whether, under the facts alleged and the terms of its policy, it is required to defend the insured in damage-suit actions, an adjudication of that question will determine the company's liability to pay any judgment obtained by the plaintiffs; but, if the plaintiffs are not parties to the declaratory-judgment action, they will not be bound thereby. See Loudermilk v. Fidelity &c. Co. of New York, 199 F. 2d 561, 565, and New Amsterdam Cas. Co. v. Murray, 242 F. 2d 549, and citations therein. If they later secure judgments against the insured, not being bound by the former adjudication of the issue of the insurance company's liability in the other, they may bring suit against the insurance company on their judgments. The result could be an adjudication by the same court of no liability in one action and liability in the other. Clearly, therefore, not only does there exist a justiciable controversy within the meaning of the Declaratory Judgment Act, but the plaintiffs in the damage suit are proper parties to the declaratory-judgment action brought by the insurance company against its insured.

"Under numerous decisions of this court in relation to the subject-matter of fire insurance, all persons interested in the contract should be joined, in order properly to adjudicate the question of liability or non-liability of the insurer." *Firemen's Ins. Co. v. White,* 181 Ga. 759 (2) (184 S. E. 316); *National Auto. Ins. Co. v. Vaughn,* 213 Ga. 806, 808 (102 S. E. 2d 1); *Georgia Cas. & Sur. Co. v. Pincus,* 89 Ga. App. 836 (81 S. E. 2d 527). The plaintiffs in the damage suit had such interest in the policy of insurance on Solomon's car as made them proper parties to the action of the insurance company to determine its liability to pay any judgment that might be secured by the plaintiffs against Solomon. The general rule, followed in the various courts of this country, is that third-party claimants such as the plaintiffs are proper parties to the declaratory-judgment action. See Trinity Universal Ins. Co. v. Willrich, 13 Wash. 2d 263 (124 P. 2d 950)

and numerous cases there cited. The Court of Appeals erred in reversing the trial court, which overruled the general demurrer of Johnson and Gilbert to the petition and the special demurrer on the ground of misjoinder of parties.

There was no exception to the grant of the restraining order against Gilbert and Johnson prosecuting their damage suit until further order of the court, and the Court of Appeals did not pass upon that question. Consequently, no decision is made as to whether the trial judge erred in granting the injunction because of laches or lack of due diligence of the insurance company in waiting eleven months after notice of the suit and after demurrers had been passed upon, pre-trial conference held, and orders issued therein, and depositions taken before bringing their action for a declaratory judgment.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 10, 1960—DECIDED NOVEMBER 10, 1960.

*Moise, Post & Gardner, R. Emerson Gardner, J. William Gibson*, for plaintiff in error.

*Wilkinson & Walker, A. Mims Wilkinson, Jr., Gambrell, Harlan, Russell, Moye & Richardson, James C. Hill, Edward W. Killorin*, contra.