## 46641. GENERAL AMERICAN INSURANCE COMPANY v. BOYENS.

BELL, Chief Judge. Plaintiff's motion for partial summary judgment was granted in this action to recover total disability benefits under an employees' group insurance policy. The trial court ordered that the part of the claim for penalties and attorney's fees be submitted to a jury for determination. *Held:*

1. The plaintiff supported his motion by affidavits and admissions of defendant. This proof revealed that plaintiff was in the salaried class of employees covered by the policy; that he was totally disabled; and that he was entitled to recover under the terms of the policy. The defendant did not respond by any evidentiary showing. Defendant on appeal urges that notwithstanding plaintiff's showing there are still two issues of material fact which preclude the grant of the partial summary judgment. First it is argued that the trial court did not reduce the amount of benefits payable under the policy by the amount payable to plaintiff's dependents under the Social Security Act. The policy provided for a formulized reduction in benefits payable under the policy where the insured received payments under the Federal Social Security Act, including any amounts payable on account of his dependents. The plaintiff alleged in his complaint that he was receiving a specified amount monthly from Social Security and submitted proof of the amount in his affidavit. The defendant merely denied this allegation as to the amount of plaintiff's Social Security payment and raised no issue by pleading or by evidence that plaintiff

had any dependents eligible for Social Security benefits which would further reduce the monthly policy payment to plaintiff. This contention is unsupported and no issue of material fact arises on the question of dependents. Secondly, it is urged that a material issue of fact is still present as to whether plaintiff was a covered employee under the policy. It is not disputed that the policy only covered employees paid on a monthly salary as opposed to an hourly basis. Plaintiff established by his proof that he was in the salaried class. In a sworn response to a request for admission of fact that plaintiff was classified by his employer as a member of the salaried group, defendant answered by admitting that plaintiff was originally classified by his employer as a member of the salaried group but was changed by the employer after the Department of Labor determined that plaintiff was an hourly employee. That part of the sworn reply concerning change in classification is nothing more than a reiteration of defendant's third defense raised in its answer. Proof is necessary. See *Crutcher v. Crawford Land Co.*, 220 Ga. 298, 304 (138 SE2d 580). Plaintiff pierced this defense by an affidavit from an official of the U. S. Department of Labor that the department had never classified or attempted to classify the plaintiff as an hourly employee. As defendant offered nothing to refute plaintiff's proof, the grant of summary judgment to plaintiff was demanded. CPA § 56 (e) (*Code Ann.* § 81A-156 (e)).

2. It was not error for the trial court to order a jury trial on the issue of penalties and attorney's fees as this question under the circumstances was one properly for a jury.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

Argued October 4, 1971—Decided January 14, 1972—
Rehearing denied February 2, 1972.

*Haas, Holland, Levison & Gibert, Theodore G. Frankel, Whelchel & Whelchel, Hoyt H. Whelchel, Jr.,* for appellant.
*Twitty & Twitty, Frank S. Twitty,* for appellee.