## 55392. CURRINGTON v. FEDERATED MUTUAL INSURANCE COMPANY.

DEEN, Presiding Judge.

The appellee was the insurer of Barrow Chevrolet, Inc., which, among other vehicles, owned a 1969 Chevelle which it lent to one William Crutchfield for a trial run on October 8, 1976. The following morning, according to the affidavit of William Barrow, designating himself as the owner of the corporation, Crutchfield returned, paid cash for the vehicle, was given a bill of sale, a copy of which is attached as an exhibit, and the transaction was entered in the sales ledger of the company. The evening of the same day Crutchfield had a collision with Mrs. Currington while driving this vehicle. Federated Mutual, which had insured the vehicle for Barrow Chevrolet, Inc., filed a declaratory judgment suit alleging that it had been called upon to defend Crutchfield and that it did not acknowledge coverage due to a policy provision excluding any vehicle "possession of which has been transferred to another by the named insured pursuant to an agreement of sale." Summary judgment was granted the insurer, and Mrs. Currington, plaintiff in the damage suit, appeals.

We affirm. The appellant, while tacitly admitting that the insurance policy issued by the appellee to Barrow Chevrolet, Inc. would not cover a purchaser of the vehicle, raises various technical objections to this particular action, which we deal with briefly. Declaratory judgment is a proper method of settling the question of coverage pending a damage suit. *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437 (117 SE2d 459) (1960). Mrs. Currington's damage suit was not against Barrow Chevrolet, Inc., no judgment is sought against that entity, and it is not a necessary party to this declaratory judgment action. The fact that certain attorneys of record

who represent the insurer in the declaratory judgment action also filed an answer for the defendant Crutchfield under a reservation of rights agreement is no reason for dismissing a declaratory judgment action, the purpose of which is to determine whether or not coverage exists.

The affidavit of William Barrow was properly admitted at the summary judgment hearing. Code § 81A-156 (a). Where nothing is offered to refute the plaintiff's proof, the grant of a summary judgment is demanded. *General Am. Ins. Co. v. Boyens,* 125 Ga. App. 414 (188 SE2d 172) (1972). The cash sale of the automobile, which is personal property, was sworn to positively by Barrow, the vendor, and this in the absence of proof to the contrary is sufficient to support the summary judgment. "A sale has been defined as 'a transfer of the *absolute* or *general* property in a thing for a price in money.'" *Mathis v. Dalton Auto &c. Co.,* 60 Ga. App. 754, 756 (5 SE2d 82) (1939). The seller here swears that he entered into a contract of sale with the purchaser, that he received the price indicated for the vehicle in cash and that he delivered possession of the vehicle. Neither the buyer nor anyone else disputes these facts, and the buyer was in possession at the time of the collision. The affidavit was properly admitted in evidence.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Argued March 1, 1978 — Decided March 16, 1978.

*H.Thad Crawley,* for appellant.
*Harris, Watkins, Taylor & Davis, Thomas F. Richardson, Philip R. Taylor,* for appellee.