## A01A1647. RICHARDS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

(555 SE2d 506)

ELDRIDGE, Judge.

We granted appellant-plaintiff Gary Richards's application for interlocutory review of the state court's order granting appellee-defendant State Farm Mutual Automobile Insurance Company's motion to dismiss for lack of standing. Pertinently, this case arises out of an automobile collision between appellant-plaintiff Richards and appellee-defendant Robert Bufkin, the driver of a vehicle insured by State Farm, allegedly causing injuries to Richards's lower back. Following the collision, Richards filed a personal injury claim with State Farm. He and State Farm thereafter engaged in settlement negotiations. When these broke down,[1] Richards sued State Farm for bad faith refusal to settle and Bufkin for damages. Richards appeals the state court's order granting State Farm's motion to dismiss, arguing, among other things, standing to sue as a third-party beneficiary of Bufkin's State Farm insurance policy under OCGA § 9-2-20 (b).[2] We find no standing to sue. *Held*:

Generally, a party not in privity of contract may not bring a direct action suit against the liability insurer of the party alleged to have caused damage absent an unsatisfied judgment against the insured, legislative mandate, or as permitted by a provision in the insurance policy in issue. *Googe v. Fla. Intl. Indem. Co.*, 262 Ga. 546, 548 (1) (422 SE2d 552) (1992); *Caudill v. Strickland*, 230 Ga. App. 644 (1) (498 SE2d 81) (1998); *McKin v. Gilbert*, 208 Ga. App. 788, 790 (1) (432 SE2d 233) (1993); *Bacon v. Liberty Mut. Ins. Co.*, 198 Ga. App. 436 (401 SE2d 625) (1991). The exceptions to the general rule as "legislatively mandated" include the statutory authority of persons injured by motor common carriers from tort liability to sue the insurers directly. OCGA § 46-7-12 (e); *Griffin v. Johnson*, 157 Ga. App. 657 (278 SE2d 422) (1981). The statutory language designating children riding county school buses as insureds under required accident policies allows direct action. OCGA § 20-2-1090; *Krasner v. Harper*, 90 Ga. App. 128, 136-138 (2) (82 SE2d 267) (1954), aff'd, *American Guarantee &c. Ins. Co. v. Krasner*, 211 Ga. 142 (84 SE2d 46) (1954). Further, members of the general public also are insured from injury resulting upon the operation of such buses, not as liability coverage, but as accident coverage, allowing direct action. OCGA § 20-2-1092; *State Farm &c. Ins. Co. v. Jones*, 98 Ga. App. 46, 57-58 (2) (104 SE2d

---

[1] More than $95,000 separated the parties, Richards submitting a demand package to State Farm in the amount of $100,000 and State Farm offering to settle for $4,500.

[2] OCGA § 9-2-20 (b) provides that "[t]he beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract."

725) (1958). Although not expressly recognized by statute, the Supreme Court has recognized the status of the victims of automobile accidents as third-party beneficiaries in light of compulsory automobile accident insurance; however, such status does not create the right of direct action for damages under the policy but only allows an action for equitable reformation or declaratory relief under the policy. *Googe v. Fla. Intl. Indem. Co.*, supra at 548-549 (1); see also *Payne v. Twiggs County School Dist.*, 269 Ga. 361, 364 (3) (496 SE2d 690) (1998).

> The General Assembly's passage of mandatory automobile liability insurance makes clear that [the] public policy is . . . concerned with providing adequate resources with which to compensate victims of automobile accidents, a new class of beneficiaries to automobile liability insurance contracts [as accident coverage which has since been repealed].[3]

*Cotton States Mut. Ins. Co. v. Starnes*, 260 Ga. 235, 237 (392 SE2d 3) (1990).

Third-party beneficiary status in Richards results under the policy when he obtains a judgment against the insured. However, while there is a cause of action for failure to settle a case vested in the insured upon rendering an excess verdict over policy limits, *Driskell v. Empire Fire &c. Ins. Co.*, 249 Ga. App. 56, 62-63 (4) (547 SE2d 360) (2001),[4] a potential third-party beneficiary has no greater rights than the insured. *Payne v. Twiggs County School Dist.*, supra; *Allstate Ins. Co. v. Hendrix*, 222 Ga. App. 865, 866 (476 SE2d 644) (1996). Absent an action for bad faith vested in the insured and an assignment of such action to the plaintiff, the plaintiff has no right to such an

---

[3] The Motor Vehicle Accident Reparations Act, Ga. L. 1974, p. 113 (codified as amended at OCGA §§ 33-34-1 through 33-34-17) was repealed by Ga. L. 1991, p. 1608, § 1.12, effective October 1, 1991. The present Motor Vehicle Accident Reparations Act is codified as OCGA §§ 33-34-1 through 33-34-8.

[4] In *Driskell*, among other things, we held that

> [a]n automobile liability insurance company may be liable for damages to its insured for failing to adjust or compromise the claim of [the] person injured by the insured and covered by its liability policy, where the insurer is guilty of negligence or of fraud or bad faith in failing to adjust or compromise the claim to the injury of the insured. Hence, where a person injured by the insured offers to settle for a sum within the policy limits, and the insurer refuses the offer of settlement, the insurer may be liable to the insured to pay the verdict rendered against the insured even though the verdict exceeds the policy limit of liability. The reason for this rule is that the insurer "may not gamble" with the funds of its insured by refusing to settle within the policy limits.

(Citations omitted.) *Driskell v. Empire Fire &c. Ins. Co.*, supra; compare OCGA § 33-4-7 (duty in insurer to make good faith effort to settle property damage claims with claimant to protect the insured).

action. In this case, the policy provides that the insured cannot sue the insurer under the liability provisions thereof until after judgment or by agreement of the parties.[5] Neither of these events having occurred, the state court did not err in granting State Farm's motion to dismiss for lack of standing in Richards. "The existence of an actual controversy is fundamental to a decision on the merits by this court." *Bowers v. Bd. of Regents &c. of Ga.*, 259 Ga. 221-222 (378 SE2d 460) (1989); see also *Project Control Svcs. v. Reynolds*, 247 Ga. App. 889, 891 (1) (545 SE2d 593) (2001) ("Our review of [an order] grant[ing] a motion to dismiss is de novo. A motion to dismiss may be granted only where a plaintiff would not be entitled to relief under any set of facts that could be proven in support of its claim. [Cit.]").

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED OCTOBER 15, 2001.

*Stephen M. Ozcomert*, for appellant.

*Swift, Currie, McGhee & Hiers, John W. Campbell, Sharon W. Ware & Associates, Paul L. Groth, Michael T. Bennett*, for appellees.

---

[5] Although the policy in issue is not of record, on appeal, State Farm avers that such policy contains standard language to this effect.