A03A1772. CAPITOL INDEMNITY CORPORATION v. FRALEY
et al.
(597 SE2d 601)

ADAMS, Judge.

Capitol Indemnity Corporation filed this declaratory judgment action seeking a judicial determination as to whether coverage existed under its commercial general liability policy for claims made

---

[12] Id.

by Thomas Fraley against Dixie Tavern Buckhead, Inc., Dixie Tavern, Inc., and 287 East Paces Ferry Enterprises, Inc. d/b/a Dixie Tavern, as well as against three John Doe defendants. The trial court denied Capitol's motion for summary judgment, and the insurance company appeals.[1] We reverse.

On or about June 30, 2001, Fraley and a group of friends were patrons at the Dixie Tavern. As Fraley and his friends were exiting the bar, one member of the group engaged in a verbal exchange with a bartender or bouncer. This individual, along with two other bouncers, then allegedly became involved in a physical altercation with Fraley and his friends. Fraley asserts that during this episode, he was the victim of an assault and battery. Fraley sought to recover damages arising out of this incident in the underlying lawsuit in this case.

During the pertinent time, Capitol carried a contract of insurance in favor of 287 East Paces Ferry Enterprises, Inc. d/b/a Dixie Tavern. 287 East Paces Ferry was the only named insured on the policy. Neither Dixie Tavern Buckhead, Inc., nor Dixie Tavern, Inc. was named as an insured under the policy.

Capitol was notified of Fraley's claims on or about September 18, 2001. On December 7, 2001, Capitol sent a reservation of rights notice to its insured. The notice stated that the insurer was waiving none of its rights and reserving all of its rights and defenses based upon three provisions of the commercial liability policy: (1) the Expected or Intended Injury Exclusion; (2) the Assault and Battery Exclusion; and (3) the Punitive Damages Exclusion. Capitol then filed this declaratory judgment action on January 11, 2002.

Capitol asserts that the trial court erred in failing to grant its motion for summary judgment because the acts and injuries alleged by Fraley do not fit the policy definition of an "occurrence" for which insurance is provided. Moreover, the insurer asserts that the terms of the policy expressly exclude coverage for the acts and damages alleged by Fraley. In addition, Capitol asserts that the trial court erred in ruling that it was estopped from asserting these defenses because it waited two and one-half months before notifying 287 East Paces Ferry that it was reserving its rights under the policy.

Fraley states that he has "no qualms" with the language of the policy and declines to respond to Capitol's arguments regarding the exclusion of coverage under the policy terms. Rather, he asserts that the issue of estoppel is the sole question on appeal, and it was the only argument he raised below in opposition to Capitol's motion for summary judgment. Thus, Fraley apparently concedes that there is

---

[1] The trial court also denied Fraley's cross-motion for summary judgment, but he does not appeal that ruling.

no coverage under the policy for his claims. But he argues that Capitol nevertheless is estopped from asserting the defense of noncoverage because it waited two and one-half months after learning of the claim before sending the reservation of rights notice, and then waited another month before filing its declaratory judgment action in violation of *Richmond v. Ga. Farm &c. Ins. Co.*, 140 Ga. App. 215, 219 (1) (231 SE2d 245) (1976).

1. As an initial matter, we will address Capitol Indemnity's contention that Fraley, as a third party to the insurance contract, cannot assert waiver or estoppel to create coverage not provided in the policy. The insurer maintains that only the insured under a policy has the right to assert the defense of waiver or estoppel in connection with the insurance contract. Neither 287 East Paces Ferry nor the other defendants opposed the insurer's motion for summary judgment.

As a general rule, an injured party has no standing to file a direct suit against the insurer of the party alleged to have caused the injury absent an unsatisfied judgment against the insured. *Richards v. State Farm &c. Ins. Co.*, 252 Ga. App. 45 (555 SE2d 506) (2001); *Insured Lloyds v. Bobo*, 116 Ga. App. 89, 90-91 (156 SE2d 518) (1967). "In the absence of policy provisions to the contrary, one who suffers injury is not in privity of contract with the insurer under a liability insurance policy and cannot reach the proceeds of the policy for the payment of his claim by an action directly against the insurer." (Citations and punctuation omitted.) *Bobo*, 116 Ga. App. at 90-91. Thus, for example, this Court has held that an injured party has no right to bring a direct action against an insurer for bad faith refusal to settle. *Richards*, 252 Ga. App. at 46. And although there are exceptions to this general rule, they are not applicable under the facts of this case. See id. at 45-46 (for a discussion of these exceptions).

Accordingly, in the absence of a judgment against the defendants, Fraley has no rights under the Capitol Indemnity policy and thus could not sue the insurer directly. And we find that he also lacks standing to assert the defense of waiver or estoppel against Capitol Indemnity for failing to provide a timely notice of reservation of rights.

Our Supreme Court addressed a similar issue in holding that National Union Fire Insurance Company, an excess liability insurer, was not required to reserve its right to deny coverage in order to avoid the defense of waiver or estoppel in its claim to recover benefits from American Motorists Insurance Company, the primary insurer. *Nat. Union Fire Ins. Co. &c. v. American Motorists Ins. Co.*, 269 Ga. 768 (504 SE2d 673) (1998). Although the Court rejected American Motorists' characterization of National Union's suit as a denial of coverage, it held that even if it were so characterized, National Union did not

have to provide a reservation of rights notice to American Motorists because that company was not its insured:

> A "reservation of rights" typically refers to an insurer's notice to its insured that it will provide a defense, but may litigate and ultimately deny coverage if the insured is found liable. In this case, National Union's contract was with First Gibraltar. Thus, National Union's "right to deny coverage" flows only to First Gibraltar. Any reservation of that right would have to be directed to First Gibraltar and American Motorists may not complain about National Union's failure to provide such notice.

(Footnotes omitted.) Id. at 769-770 (1) (a), (b).

Thus, we find in this case that Capitol Indemnity's right to deny coverage flows only to its insured and Fraley may not complain about Capitol Indemnity's failure to provide a timely reservation of rights notice. Cf. *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 338-339 (6) (291 SE2d 410) (1982).

This conclusion is not altered, as Fraley contends, by the fact that Capitol Indemnity named him as a defendant in the declaratory judgment action. We do not believe that:

> [Capitol Indemnity] waived its right to the protection afforded it under Georgia case law and the policy by instituting a declaratory judgment action against both the insured and the injured third party. Had [Capitol Indemnity] not joined [Fraley] as co-defendant[ ] in the instant action, any judgment obtained would not have been binding on them and would have subjected [Capitol Indemnity] to the possibility of further litigation on the same issue.

(Citations omitted.) *Colonial Penn Ins. Co.*, 162 Ga. App. at 338-339 (6).

2. In light of our holding in Division 1, we need not reach the remaining enumeration of error.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MARCH 25, 2004.

*Swift, Currie, McGhee & Hiers, Lynn M. Roberson*, for appellant.

*Fine & Block, Kenneth I. Sokolov, Goodman, McGuffey, Aust & Lindsey, Reginald L. Winfrey, John A. Roberts, Melanie A. Webre,* for appellees.