## A04A0130. HARTFORD CASUALTY INSURANCE COMPANY v. SMITH et al.
### (603 SE2d 298)

BARNES, Judge.

Hartford Casualty Insurance Company appeals the trial court's grant of summary judgment to James E. Nathaniel, 3N Enterprises, Inc. d/b/a JRJ Limousine Services, Arnel Smith, and Roberta Smith. The court found that Hartford was required to provide coverage for an automobile collision on July 4, 2000, between Nathaniel and the Smiths, under an insurance liability policy issued to the limousine service. Hartford contends that the trial court erred because the pickup truck Nathaniel was driving was not covered under the policy, and because Nathaniel failed to fulfill a contractual condition precedent by not giving prompt notice of the collision.[1] For the reasons that follow, we affirm the trial court's decision.

Nathaniel started a limousine business in 1999. After he negotiated the purchase of a 1997 Lincoln limousine, he called his insurance agent in April 1999 and told the agent he was in the process of buying the car, and that JRJ Limousine Services would be the name of the service, which would be a "subsidiary of 3N Enterprises." He and his wife would be stockholders in the company, which was in the process of being incorporated. (Nathaniel, who is not an attorney, incorporated the business himself.) The agent filled out the insurance application and issued a binder to JRJ Limousine Services on April 26, 1999, which included general liability and property coverage for the business as well as comprehensive automobile coverage. Hartford then issued the policy to JRJ Limousine Services, providing coverage from April 26, 1999, to April 26, 2000.

Nathaniel incorporated his business as 3N Enterprises, Inc., on May 10, 1999. The limousine sale was finalized on May 12, 1999, and

---

[1] Hartford initially alleged also that the case brought by the Smiths was improper under the Declaratory Judgment Act because no justiciable controversy existed, although it brought a separate, subsequent action under the same Act. The trial court's order applied to both cases. Hartford specifically abandoned this argument in its reply brief to this court.

title was transferred to James and Rosalind Nathaniel, with Nations-Bank as the lienholder. Nathaniel explained in his deposition that the bank would not make the car loan to the corporation because he had no past business history and the business did not yet exist.

On January 24, 2000, Hartford sent a Damage Liability Certificate of Insurance form ("Form E") to the Secretary of State, certifying that Hartford had issued a policy to "3N Enterprises, Inc. DBA JRJ Limousine Services" on April 26, 1999, covering the obligations imposed by the motor carrier law. The State then issued a Certificate of Public Convenience and Necessity to 3N Enterprises, Inc., d/b/a JRJ Limousine Services on March 16, 2000. Hartford renewed the insurance policy on April 26, 2000, and again on April 26, 2001, naming the insured as James Nathaniel d/b/a JRJ Limousine Services, although it subsequently declined to renew the insurance in February 2002 because of claims from the collision at issue here.

On July 4, 2000, Nathaniel was driving a pickup truck when he collided with the Smiths' car. The truck was titled in his name and was insured by Allstate Insurance Company. The Smiths sued Nathaniel in Chatham County State Court, then filed a declaratory judgment action against Nathaniel, Allstate, and Hartford in Chatham County Superior Court seeking to authorize the stacking of two Allstate policies and to determine coverage under the Hartford policy. Nathaniel cross-claimed against Allstate and Hartford. Hartford cross-claimed for declaratory judgment against Nathaniel and the Smiths, but then dismissed the cross-claim and filed an amended declaratory judgment action in Chatham County Superior Court against Nathaniel, 3N Enterprises, and the Smiths. After the parties conducted discovery, both the Smiths and Hartford moved for summary judgment in the case the Smiths brought, and Hartford moved for summary judgment in the case it brought. Regarding the Hartford coverage, the trial court granted the Smiths' motion and denied Hartford's motions in both cases, finding that:

> The record of the instant case demonstrates that Hartford filed a Form E Certificate of Insurance with the Public Service Commission listing the name of the insured as 3N Enterprises Inc. d/b/a JRJ Limousine. Although the actual policy, which the Court notes is not required to accompany the Form E filing with the PSC, lists the named insured as James E. Nathaniel d/b/a JRJ Limousine, the Court finds that the named insured as listed on the Form E is controlling. The automobile involved in the instant action is a 1978 pickup truck owned by Mr. Nathaniel individually. . . . The Court finds that the 1978 pickup falls under at least one of

[the enumerated] categories of automobiles covered by the Hartford policy.

Hartford contends that the trial court erred in granting summary judgment against it for two reasons: (1) the Hartford policy does not cover the pickup truck driven by Nathaniel; and (2) Nathaniel failed to give timely notice of the claim, as required by the policy.

1. (a) Hartford argues that Nathaniel's pickup truck was not an insured vehicle under its policy because Nathaniel was the named insured, d/b/a JRJ Limousine Services. The policy excluded coverage for any vehicles owned by the insured that were not listed on the policy, which only listed the Lincoln limousine. Because the insured was Nathaniel, and he owned the truck which was not listed on the policy, Hartford asserts that the truck was not covered. Nathaniel responds that the insurer covered the business, not him personally, as confirmed by the Damage Liability Certificate of Insurance form that Hartford sent to the Public Service Commission. The Hartford policy extended coverage to

> only those autos you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes autos owned by your employees, partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs.

The business, 3N Enterprises, Inc., did not own the pickup truck involved in this collision, and therefore it was covered, he argues.

The first issue in this case is to identify which entity the policy insured: Nathaniel personally or the corporation. If the policy insured the corporation, then the pickup truck was a "non-owned" vehicle covered by the policy. Compare *Samples v. Ga. Mut. Ins. Co.*, 110 Ga. App. 297 (138 SE2d 463) (1964) (the car plaintiff was driving was not covered as a temporary substitute because it was titled to her husband's trade name, which was as if he owned it individually). Hartford argues that it simply made a mistake in naming 3N Enterprises, Inc., DBA JRJ Limousine Services on the Form E it sent to the insurance commissioner, and that the name on the policy itself, James E. Nathaniel, DBA JRJ Limousine Services, was correct.

"Policies of insurance will be liberally construed in favor of the object to be accomplished, and the conditions and provisions of contracts of insurance will be strictly construed against the insurer who prepares such contracts." (Citation and punctuation omitted.) *United States Fire Ins. Co. v. Welch*, 163 Ga. App. 480, 481 (294 SE2d 713) (1982). In a somewhat different context, considering whether a

certificate of insurance naming a company as a named insured, we held that the insurer was

> estopped by . . . its certificate of insurance to contend that [the named insured on the certificate] is not a named insured, or not insured, under the policy, as against the insurer's contention that the certificate of insurance was not binding because it was not attached to the policy as an endorsement thereon. Insofar as [the named insured on the certificate] is concerned, the contract consists of the certificate and the policy.

(Citations omitted.) *Strain Poultry Farms v. American Southern Ins. Co.*, 128 Ga. App. 600, 602 (1) (197 SE2d 498) (1973). In that case, the certificate of insurance had been issued to a poultry company to show that it was also a named insured on its employee's insurance policy, as the employee was hauling goods for the company in his own trucks and trailers.

The situation is not so different here. Hartford issued a certificate of insurance verifying that it provided insurance for the corporation that was operating JRJ Limousine Services. OCGA § 46-7-12 (a) provides that, before a common carrier can obtain a Certificate of Public Necessity and Convenience, its insurer must file a certificate of insurance with the insurance commissioner,

> evidencing a policy of indemnity insurance in some indemnity insurance company authorized to do business in this state, which policy must provide for the protection, in case of passenger vehicles, of passengers and baggage carried and of the public against injury proximately caused by the negligence of such motor common carrier or motor contract carrier, its servants, or its agents. . . .

The indemnity insurance policy "is not for the benefit of the insured but for the sole benefit of those who may have a cause of action for damages for the negligence of the motor common carrier. Such a policy is in the nature of a substitute surety bond and creates liability in the insurer regardless of the insured's breach of the conditions of the policy." (Citations omitted.) *Progressive Cas. Ins. Co. v. Bryant*, 205 Ga. App. 164, 165 (421 SE2d 329) (1992). Hartford cannot now declare that it made a mistake and unilaterally undo its certificate.

While the insurance company argues in its brief that this collision did not arise from the limousine company's common carrier operations, that fact does not decide the identity of the named insured. The named insured does not change depending on what sort

of claim is made against the policy. While the details surrounding the collision may affect coverage, they do not affect the entity being insured.

Because the Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance (Form E) that Hartford filed with the Georgia Public Service Commission pursuant to OCGA § 46-7-12 (a) stated that it had insured 3N Enterprises, Inc., DBA JRJ Limousine Services, the trial court did not err in concluding that the corporation was the named insured. Because the corporation was the named insured, the pickup truck that belonged to Nathaniel was a "non-owned" vehicle under the policy, and was therefore covered if it was being used for a business purpose.

(b) Hartford further argues that Nathaniel was not using the pickup truck for a business purpose when the wreck occurred, and thus the damages are not covered under this policy. Nathaniel testified that, on the day of the collision, he was pulling into a seafood store to pick up food for a dinner he was giving for some friends to build good will, and to recognize their contributions and assistance with his limousine business as backup drivers and sources of new customers. Hartford did not submit any evidence in rebuttal, but simply argues that Nathaniel has not sufficiently proved he was using the truck for business. Hartford "was required to show an issue of fact in the evidence of record or to come forward with rebuttal evidence" once Nathaniel established his prima facie case. (Citation omitted.) *Thompson v. Phelps Indus.*, 215 Ga. App. 128, 129 (449 SE2d 677) (1994). This it did not do, and thus the trial court did not err in holding that the collision was covered under Hartford's policy.

2. Hartford also argues that the collision is not covered under its policy because Nathaniel failed to give prompt notice, as required by the policy terms. Hartford admits that "the Form E filing creates liability in the company for members of the public injured by the negligence of the common carrier listed on the Form E filing," regardless of whether the insured breached a condition of the insurance policy. *Ross v. Stephens*, 269 Ga. 266 (496 SE2d 705) (1998). Hartford contends, however, that the people injured in the collision with Nathaniel's pickup truck were not injured by the common carrier, 3N Enterprises, Inc., but by Nathaniel individually, and therefore the injured parties were not entitled to any benefits conferred to the public because of the Form E filing.

In the first place, as we held in Division 1, the policy insured 3N Enterprises, Inc., and the pickup truck was covered under the policy. In the second place, there is no merit in Hartford's argument that the Form E endorsement does not provide coverage in this case because Nathaniel was not transporting people for hire at the time of the collision. The common carrier coverage is not limited to incidents

occurring only when the limousine service is transporting people for hire; otherwise the clause providing coverage for nonowned vehicles would be mere surplusage. See *Driskell v. Empire Fire & Marine Ins. Co.*, 249 Ga. App. 56, 60 (2) (547 SE2d 360) (2001). The trial court did not err in granting summary judgment to Nathaniel.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JUNE 14, 2004 —
RECONSIDERATION DENIED JULY 1, 2004 —

*Martin Kent, A. Martin Kent, Catherine M. Duke*, for appellant.
*Duffy & Feemster, Dwight T. Feemster, Matthew M. Bush*, for appellees.