[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2012
JOHN LEY
CLERK

No. 11-12808
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-03512-CAP


SCOTTSDALE INSURANCE COMPANY,

                                          Plaintiff - Appellee,

                    versus

RICHARD PURSLEY, etc.,

                                          Defendant,

SHERYL SIMPSON-JONES,
individually and as the personal administrator
of the Estate of Christopher E. Jones,

                                          Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 10, 2012)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Scottsdale Insurance Company (Scottsdale) seeks a declaratory judgment that it has no duty to defend or indemnify Defendant Richard Pursley in an underlying wrongful death lawsuit filed against him in Georgia State Court by Defendant Sheryl Simpson-Jones. On May 18, 2011, the district court granted Scottsdale's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) finding that the "Pollution Exclusion" clause precluded coverage and that diminution of value does not constitute property damage as defined by the Commercial General Liability (CGL) insurance policy. Simpson-Jones timely appealed that order. After reviewing the district court order and the parties' briefs we reverse in part and affirm in part the order.

I.

The underlying lawsuit against Richard Pursley, who died on February 20, 2011, involves claims for wrongful death and property damage by Simpson-Jones and claims on behalf of the Estate of Christopher Jones, Simpson-Jones's late husband. According to allegations in that case, Mr. Jones hired Mr. Pursley to make repairs on his boat. When making the repairs, Mr. Pursley neglected to cover the exhausts for the starboard engine. While the repairs were ongoing, Mr.

2

Jones stayed overnight on the boat and used a generator to power the air conditioner. The next morning, Mr. Jones was found deceased next to his bed. High levels of carbon monoxide in his blood was found to be the cause of death. Later it was determined that the uncovered exhaust vents emitted carbon monoxide into the cabin via the air conditioner. The underlying suit contains allegations against other defendants based on a design defect and negligent repairs to the air conditioner.

Richard Pursley bought the CGL from Scottsdale to cover liabilities arising between June 3, 2008 to June 30, 2009. Under the CGL, Scottsdale agreed to pay damages the insured incurs relating to bodily injury or property damage, subject to certain terms, conditions, limitations, and exclusions. One of the policy exclusions is commonly referred to as the "Pollution Exclusion." The Pollution Exclusion excludes from coverage any "[b]odily injury or property damage arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants: [a]t or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured." The parties disagree as to whether: (1) the Pollution Exclusion is applicable here; and (2) the diminution of value of the property is included in the definition of "property damage" in the CGL.

II.

Rule 12(c) permits judgment on the pleadings when there are no material facts in dispute and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. FED. R. CIV. P. 12(c); *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). In making a Rule 12(c) judgment, we accept all allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). We review a district court's decision on a motion for judgment on the pleadings under Rule 12(c) *de novo*. *Id.*

For cases founded on diversity jurisdiction, we apply the forum state's choice-of-law rules. *Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs., Inc.*, 468 F.3d 1322, 1325 (11th Cir. 2006) (per curiam). The parties agree that the forum state is Georgia. In Georgia, the interpretation of insurance contracts is governed by the law of the place of making, which is the place where the contract is delivered. *See Bituminous Cas. Corp. v. Advanced Adhesive Tech., Inc.*, 73 F.3d 335, 337 (11th Cir. 1996). Here the contract was delivered in Georgia, where Mr. Pursley conducted his business; therefore, Georgia law applies.

In Georgia, insurance policies are interpreted using the ordinary rules of contract construction. *Bituminous Cas. Corp.*, 73 F.3d at 337. Generally, Georgia

4

law permits insurance companies to set the terms of their policies "so long as they do not violate the law or judicially cognizable public policy." *Reed v. Auto-Owners Ins. Co.*, 667 S.E.2d 90, 91 (Ga. 2008). Furthermore, "[w]here the contractual language unambiguously governs the factual scenario before the court, the court's job is simply to apply the terms of the contract as written, regardless of whether doing so benefits the carrier or the insured." *Id.* at 92. However, Georgia law liberally construes insurance policies in favor of coverage and "the conditions and provisions of contracts of insurance will be strictly construed against the insurer who prepares such contracts." *Barrett v. National Union Fire Ins. Co.*, 696 S.E.2d 326, 320 (Ga. App. 2010) (quoting *Hartford Cas. Ins. Co. v. Smith*, 603 S.E.2d 298, 301 (Ga. App. 2004)).

## III.

Here, Scottsdale argues, and the district court agreed, that *Reed* is controlling. In *Reed* the Georgia Supreme Court interpreted a similar Pollution Exclusion clause when a renter sued her landlord (the insured) for carbon monoxide poisoning due to the landlord's alleged failure to keep the rental house in good repair. We glean three crucial factors from *Reed*: (1) the insured owned the property; (2) there was a carbon monoxide leak; and (3) carbon monoxide was a pollutant under the policy. *Reed*, 284 Ga. at 288. The court held that the plain

5

language excluded the renter's claim against the insurance company.

Simpson-Jones points out that the Pollution Exclusion in question here only applies if the pollutant leaks "at or from any premises, site or location which is or was at anytime *owned or occupied by or rented or loaned to any insured.*" (emphasis added). It is clear from the record that the boat where Mr. Jones died was not owned by Mr. Pursley, the insured. Additionally Mr. Jones was not insured by Scottsdale. Thus, the Pollution Exclusion does not bar Simpson-Jones' claims.

## IV.

Simpson-Jones also makes a property damage claim in the underlying suit. She claims a diminution of value of the boat because she must disclose to potential buyers that the boat has a faulty exhaust system. The CGL unambiguously states, in pertinent part, that "property damage" covered under the insurance contract includes "[p]hysical injury to tangible property, including all resulting loss of use of that property [or] [l]oss of use of tangible property that is not physically injured." Therefore, the CGL does not contemplate coverage of a diminished value claim. Thus, the district court properly granted Scottsdale's motion for judgment on the pleadings as to the property damage claim.

## IV.

We reverse the decision of the district court to grant Scottsdale's motion for judgment on the pleadings regarding the Pollution Exclusion. We affirm the grant of Scottsdale's motion for judgment on the pleadings on the diminution of value of property claim. We remand for further proceedings consistent with this opinion.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**