**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 20, 2017**

# In the Court of Appeals of Georgia

A17A0190. ATLANTIC SPECIALITY INSURANCE COMPANY
v. LEWIS et al.

BARNES, Presiding Judge.

Nancy Lewis, individually and on behalf of her minor daughter, filed a personal injury suit against the City of Cartersville, Georgia, alleging that the City was liable for injuries her daughter sustained in an automobile collision, and that the City had waived its sovereign immunity by operation of law and through the purchase of municipal liability insurance from Atlantic Specialty Insurance Company. While the personal injury suit was pending, Lewis filed the present declaratory judgment action against the City and Atlantic, seeking a determination that the City had available $5 million in insurance coverage to cover the claims in the personal injury suit and had waived its sovereign immunity up to that amount. Atlantic filed a motion to dismiss in the declaratory judgment action, contending that Lewis lacked standing to seek declaratory relief and that the action was not ripe for judicial review because

Lewis had not yet obtained a judgment against the City in the underlying personal injury suit. The trial court denied Atlantic's motion to dismiss, and later, on cross-motions for summary judgment filed by Lewis and Atlantic, the court determined that there was $5 million in insurance coverage available to cover the claims in the underlying personal injury suit and that the City had waived its sovereign immunity up to the full policy limit. Atlantic appeals these rulings by the trial court in the declaratory judgment action.

For the reasons discussed below, we conclude that Lewis did not have standing to bring this declaratory judgment action in the absence of an unsatisfied judgment against the City in the underlying personal injury suit. Consequently, we vacate the trial court's order on the parties' cross-motions for summary judgment reaching the merits of the parties' dispute over insurance coverage and sovereign immunity, reverse the trial court's denial of Atlantic's motion to dismiss, and remand with direction that Lewis' declaratory judgment action be dismissed for lack of standing.

*The Insurance Policy.* The facts relevant to the present appeal are largely undisputed. In 2013, the City purchased an insurance policy from Atlantic that included several different types of liability coverage, including business auto coverage with a $1 million policy limit and umbrella liability coverage with a $4

2

million policy limit, for a total policy limit of $5 million. The coverage provided by the policy remained in effect on the date of the automobile collision out of which this litigation arose.

The business auto coverage and excess liability coverage parts of the policy both contained an endorsement entitled "Georgia Changes – Protection of Immunity." The policy endorsement stated that Atlantic had no duty to pay out any damages on behalf of the City "unless the defenses of sovereign and governmental immunity are inapplicable to [the City]." The endorsement further stated that the "policy and any coverages associated therewith [did] not constitute, nor reflect an intent by [the City], to waive or forego any defenses of sovereign immunity and governmental immunity available to [the City]" pursuant to any statute or the common law.

*The Personal Injury Suit.* In March 2014, a City police officer was driving her patrol car through an intersection when she collided with another vehicle in which Lewis' four-year-old daughter was a passenger. Lewis' daughter was severely injured as a result of the collision.

In August 2015, Lewis, individually and as next friend and guardian of her minor daughter, filed a personal injury suit for damages against the City in the Superior Court of Bartow County, alleging that the police officer's negligent driving

3

had proximately caused her daughter's injuries and that the City was vicariously liable for the officer's negligence. Lewis also alleged that the insurance policy purchased by the City from Atlantic covered the automobile collision and that the City had waived its sovereign immunity to the full extent of the coverage purchased.

The City answered, denying any liability for the automobile collision and asserting sovereign immunity as a defense. With respect to sovereign immunity, the City denied that its immunity had been waived to the full extent of the liability insurance it had purchased (i.e., $5 million), but admitted that it had automatically waived its immunity in a lesser amount by operation of law. The City also filed a notice of non-party fault as to the driver of the vehicle in which Lewis' daughter had been a passenger, alleging that the driver was wholly or partially responsible for the injuries sustained by the daughter in the automobile collision.

*The Declaratory Judgment Action.* While the personal injury suit against the City was pending, Lewis separately filed the present declaratory judgment action against the City and Atlantic in the Superior Court of Bartow County. Lewis sought a declaration from the court that the insurance policy purchased by the City from Atlantic provided up to $5 million in coverage for the claims in the underlying

personal injury suit and that the City had waived its sovereign immunity up to that amount.

Atlantic answered, denying that the City had waived its sovereign immunity up to the full policy limit of $5 million. Additionally, Atlantic asserted, among other defenses, that Lewis was not in privity of contract with Atlantic and that the doctrine of sovereign immunity limited the coverage afforded by the insurance policy. Atlantic also filed a motion to dismiss the complaint, arguing that Lewis lacked standing and that her declaratory judgment suit was premature because she had not yet obtained a judgment against the City in the underlying personal injury suit. The trial court denied Atlantic's motion to dismiss, concluding that Lewis could proceed with her claim for declaratory relief while the personal injury suit was pending.[1]

The declaratory judgment action proceeded forward, and Lewis and Atlantic filed cross-motions for summary judgment concerning the maximum amount of

[1]The trial court granted a certificate of immediate review of its order denying Atlantic's motion to dismiss. Atlantic filed an application for interlocutory appeal, which this Court denied. The denial of a motion to dismiss is an interlocutory order, see *Pace Constr. Corp. v. Northpark Assoc., L.P.*, 215 Ga. App. 438, 439 (450 SE2d 828) (1994), and where the order "being appealed was interlocutory in nature, the denial of an application for discretionary appeal does not operate as res judicata." (Punctuation and footnote omitted.) *Davis v. Foreman*, 311 Ga. App. 775, 778 (2) (717 SE2d 295) (2011). Thus, the denial of Atlantic's application for interlocutory appeal does not affect the outcome of the present appeal.

insurance coverage available to the City in the personal injury suit based on the language of the insurance policy and Georgia's relevant sovereign immunity statutes, OCGA § 33-24-51 and § 36-92-2.[2] Atlantic argued that the maximum coverage available under the policy was $500,000 based on the interplay between the language of the policy endorsement and Georgia's sovereign immunity statutes, while Lewis argued that the full $5 million in coverage was available. The trial court agreed with Lewis and concluded that, as a matter of law, $5 million in insurance coverage was available to cover Lewis' claims in the personal injury suit. This appeal by Atlantic followed.

---

[2]OCGA § 36-92-2 provides for the waiver of sovereign immunity of a local government entity for a loss arising out of a claim for the negligent use of certain government motor vehicles. OCGA § 36-92-2 (a) (3) provides for an automatic $500,000 waiver of immunity for "bodily injury or death of any one person in any one occurrence" regardless of whether the local government entity purchases any insurance. However, OCGA § 36-92-2 (d) (3) provides that the amount of the waiver "shall be increased to the extent that[] . . . [t]he local government entity purchases commercial liability insurance in an amount in excess of the waiver amount set forth in this Code section." See also OCGA § 33-24-51 (b) (noting that when a local government entity purchases insurance "in an amount greater than the amount of immunity waived as in Code Section 36-92-2, its governmental immunity shall be waived to the extent of the amount of insurance so purchased," and "[n]either the municipal corporation[] . . . nor the insuring company shall plead governmental immunity as a defense; and the municipal corporation[] . . . or the insuring company may make only those defenses which could be made if the insured were a private person").

6

1. Atlantic contends that the trial court erred in denying its motion to dismiss Lewis' complaint in the declaratory judgment action for lack of standing. According to Atlantic, Lewis was not in privity of contract with either the City or Atlantic under the insurance policy and thus did not have standing to file an action for declaratory relief directly against Atlantic, unless and until Lewis had an unsatisfied judgment against the City in the underlying personal injury suit. We agree with Atlantic that Lewis lacked standing to seek declaratory relief.

As a general rule, a plaintiff does not having standing to bring a direct action against a defendant's insurance company unless the plaintiff has obtained a judgment against the defendant that remains unsatisfied. See *Arnold v. Walton*, 205 Ga. 606, 612 (2) (54 SE2d 424) (1949); *Capitol Indem. Corp. v. Fraley*, 266 Ga. App. 561, 563 (1) (597 SE2d 601) (2004); *Richards v. State Farm Mut. Automobile Ins. Co.*, 252 Ga. App. 45, 45 (555 SE2d 506) (2001); *Caudill v. Strickland*, 230 Ga. App. 644, 644 (1) (498 SE2d 81) (1998). The rationale for this rule is that the plaintiff is not in privity of contract with either the defendant or the defendant's insurance company under the liability insurance policy and is not considered a third party beneficiary of the policy. See *Googe v. Florida Intl. Indem. Co.*, 262 Ga. 546, 548 (1) (422 SE2d 552) (1992); *Fraley*, 266 Ga. App. at 563 (1). It is only once a judgment has been obtained against

7

the defendant insured that the plaintiff "is no longer a stranger to the insurance policy but instead 'stands in the shoes' of the insured" and can sue the defendant's insurer directly when the judgment is unsatisfied. (Citation and punctuation omitted.) *McCoy v. Ga. Dept. of Admin. Svcs.*, 326 Ga. App. 853, 858 (c) (755 SE2d 362) (2014).

There are a limited number of exceptions to the general rule that a plaintiff must have an unsatisfied judgment against the defendant before filing suit against the defendant's insurance company. A plaintiff may bring a direct action against a defendant's insurer if the legislature has specifically authorized a direct action against the insurer or a provision of the insurance policy at issue authorizes direct action. See *Arnold*, 205 Ga. at 612 (2); *Richards*, 252 Ga. App. at 45; *Caudill*, 230 Ga. App. at 644 (1). Additionally, where liability insurance is mandated by the legislature, a plaintiff may bring an action directly against the defendant's insurance company for equitable reformation of the insurance policy or for declaratory relief. *Richards*, 252 Ga. App. at 46. See *Googe*, 262 Ga. at 548-549 (1).

Lewis, however, does not have an unsatisfied judgment against the City; the underlying personal injury suit she commenced against the City remains pending. Nor has Lewis pointed to any statutes or provisions of the insurance policy that would authorize a direct action against Atlantic. Furthermore, this is not a case where

8

liability insurance was legislatively mandated; rather, municipalities have discretion whether to obtain liability insurance to cover automobile collisions involving government vehicles. See OCGA § 33-24-51 (a) ("A municipal corporation[ ] . . . is authorized *in its discretion* to secure and provide insurance to cover liability for damages on account of bodily injury or death resulting from bodily injury to any person or for damage to property of any person, or for both arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the municipal corporation . . . .") (emphasis supplied).

Accordingly, Lewis has failed to demonstrate that she had standing to pursue a direct action against Atlantic for declaratory relief without having first obtained an unsatisfied judgment against the City in the underlying personal injury suit. See, e.g., *Googe*, 262 Ga. at 550 (1) (personal injury plaintiff did not have standing to seek equitable reformation against city's insurer where the municipal liability insurance policy obtained by the city "was voluntarily acquired[,] . . . not legislatively mandated"); *Richards*, 252 Ga. App. at 46-47 (personal injury plaintiff did not have standing to bring direct action against insurer for bad faith refusal to settle, where injured party had not obtained a judgment against the insured). If we were to conclude otherwise and permit a plaintiff like Lewis to pursue an action for declaratory relief

against the defendant's insurer while the underlying personal injury suit against the defendant remained pending,

> there is no reason why every tort claimant would not, upon filing a personal injury action, concomitantly file a declaratory judgment action to determine the maximum amount of coverage to which he would be entitled in the event that liability was subsequently established. We cannot create the right to such premature litigation.

*Batteast v. Argonaut Ins. Co.*, 454 N.E.2d 706, 708 (Ill. App. Ct. 1983).[3]

(a) In concluding that Lewis had standing to bring the present declaratory judgment action, the trial court distinguished our prior precedent on the basis that those cases involved plaintiffs filing direct actions *for damages* against a defendant's

---

[3]Several other jurisdictions have held that a plaintiff has no right to a declaratory judgment against a defendant's insurer before obtaining judgment against the defendant. See, e.g., *Cross v. Occidental Fire & Cas. Co.*, 347 F. Supp 342, 344 (W.D. Okla. 1972); *Knox v. Western World Ins. Co.*, 893 So.2d 321, 323-325 (Ala. 2004); *Farmers Ins. Exchange v. District Court for the Fourth Judicial Cir.*, 862 P.2d 944, 947-949 (Colo. 1993); *Brooksby v. Geico Gen. Ins. Co.*, 286 P.3d 182, 184-185 (Idaho 2012); *Batteast*, 454 N.E.2d at 708; *Knittle v. Progressive Cas. Ins. Co.*, 908 P.2d 724, 725-726 (Nev. 1996); *Knight v. Miller*, 195 P.3d 372, 374-376 (Okla. 2008); *Hale v. Fireman's Fund Ins. Co.*, 302 P.2d 1010, 1012-1016 (Or. 1956); *Mendez v. Brites*, 849 A.2d 329, 333, n.2 (R.I. 2004); *Boyle v. Nat. Union Fire Ins. Co.*, 866 P.2d 595, 597-598 (Utah Ct. App. 1993). But see *Community Action of Greater Indianapolis v. Indiana Farmers Mut. Ins. Co.*, 708 N.E.2d 882, 885-886 (Ind. Ct. App. 1999) (discussing jurisdictions holding that plaintiff has standing to seek declaratory relief against the defendant's insurer even in the absence of obtaining a judgment against the defendant).

insurer rather than direct actions for declaratory relief. But, in addition to cases involving direct actions for damages, we have applied the same rule of standing in cases where the plaintiff in the underlying tort suit was joined as a party in a separate declaratory judgment action brought by the defendant's insurance company to determine coverage issues. In that context, we held that the plaintiff did not have standing to assert counterclaims or defenses related to the insurance policy against the defendant's insurer in the declaratory judgment action, given that the plaintiff did not have an unsatisfied judgment against the defendant in the underlying tort suit. See *Fraley*, 266 Ga. App. at 563 (1) (plaintiff lacked standing to raise defenses of waiver and estoppel in declaratory judgment action brought by defendant's insurer); *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 337-339 (6) (291 SE2d 410) (1982) (plaintiff lacked standing to assert counterclaims in declaratory judgment action brought by defendant's insurer). Again, our rationale was that the plaintiff was not in privity of contract with the defendant's insurer and thus had no rights under the insurance policy that would support bringing any counterclaims or defenses against the insurer. See id. We discern no reason for creating a different rule of standing merely because, as in the present case, the plaintiff in the underlying tort action

11

initiates the declaratory judgment action rather than asserts a counterclaim or defense in such an action.

Furthermore, separate and apart from our cases that address standing in the context of insurance coverage, Lewis has failed to demonstrate that she had standing to seek declaratory relief against Atlantic under our case law pertaining more generally to declaratory judgment actions. "To establish a legal interest sufficient to maintain standing under the Declaratory Judgment Act, [OCGA § 9-4-1 et seq.,] a party must show that his rights are in direct issue or jeopardy. The party must show that the facts are complete and that the interest is not merely academic, hypothetical, or colorable, but actual." (Citations and punctuation omitted.) *Board of Natural Resources v. Monroe County*, 252 Ga. App. 555, 557 (1) (556 SE2d 834) (2001). See *Bailey v. City of Atlanta*, 296 Ga. App. 679, 682 (1) (675 SE2d 564) (2009).

Lewis has not obtained a judgment against the City with respect to her claims relating to the automobile collision, and thus any rights she may have under the insurance policy are contingent upon a future event that may or may not happen, namely, her success in the personal injury suit against the City. It is well-established that a plaintiff lacks standing to seek declaratory relief when he or she has only a "generalized economic interest that is contingent upon future events" because "[s]uch

interests are not legally protectible interests." *Board of Natural Resources*, 252 Ga. App. at 558 (1). That is the situation here, where Lewis' personal injury suit against the City remains pending, and thus Lewis is not entitled to pursue a declaratory judgment action against Atlantic at this time. See id.

(b) Relying upon *Smith v. State Farm Mut. Auto. Ins. Co.*, 122 Ga. App. 430, 432 (1) (177 SE2d 195) (1970), the trial court also concluded that Lewis could seek declaratory relief from Atlantic because "declaratory judgment actions are an appropriate avenue for the resolution of coverage disputes even prior to a judgment being rendered in an underlying lawsuit." However, *Smith*, unlike the present case, involved a defendant's insurance company seeking declaratory relief to determine whether coverage applied, after the defendant demanded that his insurer defend him in a pending tort suit. See id. at 431.

*Smith* is consistent with well-established case law that the *insurer* and *insured* have standing to file a declaratory judgment action to determine questions of coverage, when a controversy has arisen between them over the policy's application in a tort action pending against the insured. See *Atlantic Wood Indus. v. Argonaut Ins. Co.*, 258 Ga. 800, 801 (375 SE2d 221) (1989); *Atlantic Wood Indus. v. Argonaut Ins. Co.*, 190 Ga. App. 814, 814 (380 SE2d 504) (1989); *Currington v. Federated Mut.*

13

*Ins. Co.*, 145 Ga. App. 350, 350-351 (243 SE2d 713) (1978); *Hardeman v. Southern Home Ins. Co.*, 111 Ga. App. 638, 641 (3) (142 SE2d 452) (1965). The insurer and insured clearly have a contractual interest at stake in a dispute over the terms and coverage of the insurance policy, and such disputes routinely arise before judgment has been entered in the underlying tort action because of the insurer's common contractual duty to defend the insured. See id. The situation of an injured third party like Lewis, who is not in privity of contract or a third party beneficiary of the insurance policy and has no rights or duties under the policy, is simply not analogous to that of the insurer or insured, and we decline to extend cases like *Smith* to the situation here. See *Fraley*, 266 Ga. App. at 563 (1) (plaintiff lacked standing to assert defenses even though defendant's insurer had standing to bring declaratory judgment action); *Hart*, 162 Ga. App. at 337-339 (6) (plaintiff lacked standing to assert counterclaims even though defendant's insurer had standing to bring declaratory judgment action). See also *Farmers Ins. Exchange*, 862 P.2d at 948-949 (declining to extend cases holding that insurer and insured had standing to bring declaratory judgment action to case where tort plaintiff sought declaratory relief).

(c) In arguing for affirmance of the trial court, Lewis relies upon *Saint Paul Fire & Marine Ins. Co. v. Johnson*, 216 Ga. 437 (117 SE2d 459) (1960). In *Johnson*,

14

our Supreme Court held that when an insurer files a declaratory judgment action against the defendant insured to address a coverage dispute related to a pending tort suit, the insurer may join the tort plaintiff as a proper party to the declaratory judgment action to avoid multiple litigation over coverage with inconsistent results. Id. at 439. However, the question whether a party is a necessary or proper party to an existing action is a separate question from whether the party has standing to bring his or her own action, and we have previously rejected the argument that the analysis of a tort plaintiff's standing should be altered or affected merely because the plaintiff was a proper party in a declaratory judgment action brought by the defendant's insurer. See *Fraley*, 266 Ga. App. at 563 (1); *Hart*, 162 Ga. App. at 337-339 (6). As another court succinctly explained,

> [S]tanding focuses on the party seeking relief and not on the issues the party wishes to have adjudicated, and it is the person wishing to invoke a court's jurisdiction who must have standing. Thus, the fact that an insurer may join an injured third party in an existing coverage dispute concerning a policy that the insurer issued does not imply that an injured third party may initiate a coverage dispute concerning a policy to which she is a stranger.

(Citations and punctuation omitted.) *Brooksby*, 286 P.3d at 185 (Idaho 2012). See *Cross*, 347 F. Supp. at 343-344 (holding that while a personal injury plaintiff is a

15

proper party to declaratory judgment action brought by the defendant's insurer, the plaintiff lacks standing to bring his own declaratory judgment action). Lewis' reliance on *Johnson* therefore is misplaced.[4]

(d) Lastly, Lewis contends that declaratory relief is particularly appropriate in this case because she is acting on behalf of her minor daughter. But the fact that a child is involved in the litigation does not permit this Court to disregard basic standing requirements. And although judicial approval ultimately may have to be obtained if a settlement is reached in the underlying personal injury suit because a child is involved, see OCGA § 29-3-3 (c), (e), any discussion of the role of a court in approving such a settlement is speculative at this point and contingent on the

---

[4] Lewis also relies on *Hicks v. Walker County Sch. Dist.*, 172 Ga. App. 428 (323 SE2d 231) (1984), where the plaintiffs brought a declaratory judgment action against the defendant's insurer. Notably, however, the parties in *Hicks* agreed to continue the underlying personal injury suit while the plaintiff filed a declaratory judgment action against the defendant and its insurer to determine the extent of insurance coverage, id. at 428, and we did not address the issue of standing and instead only discussed the merits of the parties' dispute. Id. at 428-430. Similarly, in *Hartford Cas. Ins. Co. v. Smith*, 268 Ga. App. 224 (603 SE2d 298) (2004), the plaintiffs and the defendant's insurer both filed declaratory judgment actions during the pendency of the underlying tort action, but we noted that the insurer had abandoned on appeal any argument that the plaintiffs' declaratory judgment action was improper. Id. at 224, n. 1. "Issues merely lurking in the record, neither brought to the court's attention nor expressly ruled upon, have not been decided so as to constitute precedent." *Eady v. Capitol Indem. Corp.*, 232 Ga. App. 711, 713 (502 SE2d 514) (1998).

happening of an uncertain future event. See *Bankers Life & Cas. Co. v. Cravey*, 90 Ga. App. 113, 119-120 (82 SE2d 150) (1954) (declaratory relief cannot be predicated "on the happening of hypothetical future events") (citation and punctuation omitted). Consequently, the fact that Lewis is acting on behalf of her minor daughter does not alter our conclusion that Lewis lacks standing to seek declaratory relief from Atlantic while the personal injury suit remains pending.

For these combined reasons, we conclude that Lewis did not have standing to bring a declaratory judgment action against Atlantic and that her complaint was subject to dismissal on that basis. The trial court therefore erred in denying Atlantic's motion to dismiss in the declaratory judgment action.

2. In light of our decision in Division 1, we need not address Atlantic's other legal arguments or remaining enumeration of error.

*Judgment reversed in part, vacated in part, and case remanded with direction. McMillian and Mercier, JJ., concur*.